IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLEAN A. AMES,** | : | |
| Plaintiff, | : | CASE NO. 2:20-cv-05935 |
| v. | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STATE OF OHIO DEPARTMENT OF YOUTH SERVICES,** | : | **CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS** |
| Defendant. | : | |

### DEFENDANT OHIO DEPARTMENT OF YOUTH SERVICES' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendant Ohio Department of Youth Services moves this Court under Fed. R. Civ. P. 12(c) to grant it judgment on the pleadings on Counts 2 through 8 of Plaintiff's Complaint. (Doc. 1). A memorandum in support is attached.

Respectfully submitted,

DAVID YOST (0056290)
Ohio Attorney General

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General
DEVON J. ALEXANDER (0098814)
Assistant Attorney General
Employment Law Section
30 East Broad St., 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendant*

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

Plaintiff Marlean Ames ("Ames") filed a Complaint against Defendant Ohio Department of Youth Services ("the Department") alleging gender, sexual orientation, and age discrimination (Doc. 1). Ames alleges the following violations of state, federal, and constitutional law:

- Count 1: Gender and sexual orientation discrimination under 42 U.S.C. § 2000e, *et seq.*(Title VII)
- Count 2: Hostile work environment based on sexual orientation and age under Title VII
- Count 3: Retaliation under Title VII
- Count 4: Age discrimination under 29 U.S.C. § 623, *et seq.* (ADEA)
- Count 5: Fourteenth Amendment due process rights under § 42 U.S.C. 1983
- Count 6: Age discrimination under Ohio Rev. Code 4112
- Count 7: Gender discrimination under Ohio Rev. Code 4112
- Count 8: Hostile work environment under Ohio Rev. Code 4112

Counts 2-8 are not properly before this Court and should be dismissed as a matter of well-established law. Specifically, this Court lacks subject matter jurisdiction over Counts 4, 6, 7, and 8 because the Eleventh Amendment bars these claims. Also, Counts 2, 3, and 5 should be dismissed because Ames's Complaint, even taken as true, fails to plead sufficient facts that would entitle her to relief. Thus, all of Ames's claims except those set forth in Count 1 should be dismissed.

II.  **LAW AND ARGUMENT**

    A. **Standard of Review**

Fed. R. Civ. P. 12(c) allows a party to move for judgment on the pleadings. "Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Rodgers v. Driesbach*, No. 2:20-cv-2848, 2021 U.S. Dist. LEXIS 42280, at *3 (S.D. Ohio Mar. 8, 2021). "In deciding on a Rule 12(c)

2

motion, the Court must take all the well-pleaded material allegations of the pleadings of the opposing party as true," but "the Court may grant a motion for judgment on the pleadings when the moving party is entitled to judgment as a matter of law." *Id* at *3-4*. (internal citations and quotations omitted).

### B. The Eleventh Amendment bars four of Ames's claims.

The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. Amend. XI. The Eleventh Amendment, thus, is a jurisdictional bar that precludes lawsuits filed in federal court against a state or one of its departments or agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045-46 (6th Cir. 2015). The Amendment's immunity also extends to lawsuits filed against a state by one of its own citizens. *Hans v. Louisiana*, 134 U.S.1, 10 S. Ct. 504, 33 L. Ed. 842 (1890).

The Department is an Ohio agency organized under Ohio Rev. Code 5139.01. This Court, therefore, can only entertain the subject matter of Ames's claims against the Department if 1) the state waived its immunity, or 2) Congress abrogated the state's immunity. *Russell,* 784 F.3d at 1046. Ames fails to meet the Eleventh Amendment's jurisdictional bar on four of her claims against the Department, so they should be dismissed.

### 1. This Court lacks subject matter jurisdiction over Ames's claim brought under the Age Discrimination in Employment Act. (Count 4)

Count 4 alleges age discrimination under the Age Discrimination in Employment Act (ADEA) (Doc. 1 at PageID 10). Congress has not validly abrogated state immunity under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92, 120 S. Ct. 631, 650 (2000). Moreover, Ohio has not waived its immunity. *Cameron v. Ohio*, No. 2:06-CV-871, 2007 U.S. Dist. LEXIS

76774, at *5-6 (S.D. Ohio Oct. 16, 2007). Thus, this court lacks subject matter jurisdiction over any claim brought under the ADEA, and it should be dismissed.

### 2. This Court lacks subject matter jurisdiction over Ames's claims brought under Ohio Rev. Code 4112. (Counts 6, 7, and 8)

Counts 6, 7, and 8 are brought under Ohio Rev. Code 4112. The Eleventh Amendment deprives federal courts of jurisdiction over suits brought under Ohio Rev. Code 4112. *Dendinger v. Ohio*, 207 F. App'x 521, 529 (6th Cir. 2006). And importantly, too, it is clear "that the State of Ohio [did not consent] to suit in federal court by enacting Ohio Rev. Code § 4112 *et seq.*" *Robertson v. Rosol*, Nos. 2:06-cv-1087, 2:06-cv-1088, 2007 U.S. Dist. LEXIS 52797, at *13 (S.D. Ohio July 20, 2007). Thus, this Court lacks subject matter jurisdiction over all of Ames's claims brought under Ohio Rev. Code 4112, and they should be dismissed.

### C. Ames fails to state a claim for relief under 42 U.S.C. § 1983 because the Department is not a proper defendant, and Ames does not have a property interest in her employment. (Count 5)

Ames's § 1983 claim against the Department fails as a matter of law because a § 1983 claim cannot be brought against the Department. Rather, a § 1983 claim must be brought against a "person" acting under color of state law. 42 U.S.C. 1983. Neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 105 L. Ed. 2d 45, 109 S. Ct. 2304. Because a § 1983 claim cannot be brought against the Department, Ames's claim should be dismissed for this reason alone.

Ames's § 1983 claim also fails because she does not—and cannot—allege a property interest in her employment that would support a procedural due process claim under the Fourteenth Amendment. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Ames alleges that the Department deprived her of due process by "denying [her] a hearing before

4

negative employment action was taken against [her]." (Doc. 1 at PageID 9, ¶ 75.) The Supreme Court explained, though, that a state employee must have more than a "unilateral expectation" of continued employment. *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). Rather, the employee must have a "legitimate claim of entitlement" *Id.* Ames does not.

Ames baselessly alleges that she had a "property right [that] entitled her to a reasonable hearing before demotion or termination." (Doc. 1 at PageID 9, ¶ 76). Although Ames may have expected such, she failed to allege any fact in her Complaint that suggests she was entitled to any such process. The Supreme Court further explained in *Roth* that employment property interests are not created by the Constitution; rather, they are created and defined by independent sources, such as contract law and state law. *Roth*, 408 U.S.at 577. Ames did not allege that her employment property interest was created by contract law or Ohio's civil service law. *See* Ohio Rev. Code 124 (giving *classified* employees a property interest in their state employment).

Indeed, Ames acknowledges that she was an *unclassified* employee when she accepted her Program Administrator 3 position. (Ex. 1)[1]. An employee holding an unclassified position has no property right to continued employment. *Christophel v. Kukulinsky*, 61 F.3d 479, 482 (6th Cir. 1995). Thus, Ames's due process claim also fails as a matter of law on this ground, and it should be dismissed.

> **D. Ames fails to state a retaliation claim under Title VII because her Complaint does not allege any Title VII protected activity. (Count 3)**

Ames's retaliation claim fails under Fed. R. Civ. P. 12(b)(6). As discussed above, Section II.A, this Court must accept all of Ames's allegations as true. *See also Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (the Court must "construe the complaint liberally" and

---

[1] This Court may consider Ames's acknowledgement of unclassified status at this stage in litigation without converting this pleading into a motion for summary judgment because Exhibit 1 is a public record. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

5

"accept as true all factual allegations and permissible inferences therein.") Despite this light burden, Ames's Complaint fails to allege any facts—or inferences therefrom—that would entitle her to relief under Title VII's prohibition against retaliation. Title VII's retaliation provision says:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by *this title* or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under *this title*. 42 U.S.C. 2000e-3 (emphasis added).

Title VII's retaliation provision protects an employee's complaints about activity made unlawful under Title VII. Thus, it only safeguards complaints about alleged employment discrimination because of an individual's "race, color, religion, sex, or national origin."—*not age*. This dooms any claim by Ames alleging that she was retaliated against under Title VII for any purported protected activity related to *age discrimination*. And Ames is attempting to state such a claim. (Doc. 1 at PageID 8, ¶ 68, "...the action of Defendants, in retaliating against Plaintiff for her refusal to retire and refusal to accept a lesser position because of her gender, age and sexual orientation, is a clear violation of Title VII.") Because complaints of alleged age discrimination are not protected under Title VII's retaliation provision, Ames's claim should be dismissed.[2]

Although this Court has subject matter jurisdiction over Ames's retaliation claim for any alleged protected activity related to sex discrimination under Title VII, Ames fails to plead sufficient facts indicating that she is entitled to such relief. Notably, Ames's Complaint lacks any

---

[2] Complaints of alleged age discrimination are protected under the ADEA. 29 U.S.C. 623(d). But as discussed above, Section II.B.1, the Department is immune from federal suit under the ADEA. Thus, even if Ames's retaliation claim for age discrimination were considered by this Court under the ADEA, it would still fail as a matter of law because this Court lacks jurisdiction over ADEA retaliation claims brought against the Department. *Richardson v. Wayne State Univ.*, 587 F. App'x 284, 286 (6th Cir. 2014).

reference to (or inference of) a protected activity. To succeed on a retaliation claim, Ames must establish the following:

1) she engaged in an activity protected by Title VII;
2) the Department knew she exercised her civil rights;
3) the Department thereafter took an adverse employment action against her; and
4) there was a causal connection between the protected activity and the adverse employment action.

*Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 357 (6th Cir. 2020).

Ames alleges that the Department retaliated against her because she refused to accept a "lesser" position. (Doc. 1 at PageID 8, ¶ 68). Assuming for the purpose of this Motion only that Ames's demotion is the adverse employment action, her Complaint lacks any allegation of a protected activity that took place *before* her demotion—let alone protected activity casually connected to her demotion. Protected activity includes:

1) opposing a discriminatory activity or practice made unlawful by Title VII; or
2) testifying, assisting, or participating in an investigation or proceeding under Title VII.

*Stanley,* 808 F. App'x at 357.

Per Ames's own allegations in her Complaint, she only complained about or opposed the demotion *after the fact*. Therefore, the Department could not have retaliated against her for complaints made *after* the alleged adverse employment action. *See Price v. UPS*, No. 12-2760-SHM-dkv, 2013 U.S. Dist. LEXIS 75190, at *12-13 (W.D. Tenn. May 3, 2013) (where plaintiff's complaint listed "grievances of race discrimination" allegedly made during employment, but the court dismissed plaintiff's retaliation claim because he did not "offer any connection between [the grievances] and an adverse employment action"). Similarly, here, Ames fails to allege the facts needed for this Court to, at minimum, infer the elements of a Title VII retaliation claim. Accordingly, her claim should be dismissed.

### E. Ames fails to state a hostile work environment claim under Title VII because her Complaint does not allege harassment based of sex. (Count 2)

Ames brings a hostile work environment claim under Title VII. (Doc. 1 at PageID 7-8). Applying the same standard used above under Fed. R. Civ. P. 12(b)(6), Ames fails to state a claim for which relief can be granted. Specifically, Ames alleges that the hostile work environment was "because of her sexual orientation and age." (*Id.* at PageID 8, ¶ 65). Age is not a protected class under Title VII. A hostile work environment claim "because of age" can be brought under the ADEA. *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834 (6th Cir. 1996). As explained above, though, the Department enjoys Eleventh Amendment immunity under the ADEA, so this Court lacks jurisdiction. Thus, any claim by Ames alleging a hostile work environment "because of age" is not properly before this Court and should be dismissed.

Although this Court has subject matter jurisdiction over Ames's hostile work environment claim based on sex, Ames fails to plead sufficient facts indicating that she is entitled to such relief. To succeed on a hostile work environment claim under Title VII, Ames must establish the following:

1) she belonged to a protected group;
2) she was subject to unwelcome harassment;
3) the harassment was based on sex;
4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and
5) the Department knew or should have known about the harassment and failed to act.

*Waldo v. Consumers Energy Co.*, 726 F.3d 802, 813 (6th Cir. 2013).

Ames's Complaint is devoid of any allegation of harassing behavior directed toward her, let alone harassing behavior *based on* her sex or sexual orientation. Ames alleges that another Department employee of a different sexual orientation received a "party, cake, and publication" in recognition for his 30 years of state service; she, however, was not provided the same. (Doc. 1

at PageID 6, ¶¶ 54-56). Even if true, not receiving a cake for a work anniversary is not so severe and pervasive that it would create an abusive working environment. Because Ames fails to allege any facts in her Complaint that suggest she was subjected to unwelcome harassment based on her sexual orientation, her claim should be dismissed.

### III.   CONCLUSION

For these reasons, the Department requests that this Court grant it judgment on the pleadings on Counts 2 through 8 of Plaintiff's Complaint.

Respectfully submitted,

DAVID YOST (0056290)
Ohio Attorney General

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General
DEVON J. ALEXANDER (0098814)
Assistant Attorney General
Employment Law Section
30 East Broad St., 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

This will certify that the foregoing *Defendant Ohio Department of Youth Services' Motion for Partial Judgment on the Pleadings* was filed electronically on March 26, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General