# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARLEAN A. AMES | ) | CASE NO. 2:20-cv-05935 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | CHIEF MAGISTRATE JUDGE |
| | ) | ELIZABETH P. DEAVERS |
| STATE OF OHIO DEPARTMENT | ) | |
| OF YOUTH SERVICES | ) | |
| | ) | **PLAINTIFF'S MOTION IN** |
| Defendant. | ) | **OPPOSITION TO MOTION FOR** |
| | ) | **PROTECTIVE ORDER STAYING** |
| | ) | **DISCOVERY** |
| | ) | |

Now comes Plaintiff, Marlean A. Ames, by and through the undersigned counsel, and hereby requests this Court deny Defendant's motion for protective order staying discovery. A memorandum in support of this motion in opposition is attached.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com

<u>**MEMORANDUM**</u>

### I.  Background and Facts

Plaintiff initiated this action on November 18, 2020 stating causes of action arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, 42 U.S.C. § 1983 and Ohio Revised Code § 4112. On March 9, 2021 a pretrial conference pursuant to Fed. R. Civ. P. 26 was held and deadlines for discovery were addressed and set, after prior conferral and agreement between parties. Plaintiff then served Defendant with its first set of requests for production of documents on March 18, 2021. Defendant then filed a Motion for Partial Judgment on the Pleadings to dismiss the majority of the counts alleging lack of subject matter jurisdiction due to Eleventh Amendment immunity and failure to plead sufficient facts.

On March 26, 2021, Defendant also asked Plaintiff's counsel to agree to a stay of discovery pending the outcome of the motion for partial judgment on the pleadings to which Plaintiff's counsel did not agree. Plaintiff's counsel did not agree to this proposal as Defendant's motion for a protective order to stay discovery is predicated upon a motion for *partial* judgment on the pleadings and discovery would still be necessary and relevant to any remaining claims.  Plaintiff respectfully requests this Court deny a protective order staying discovery for the reasons herein.

### II.  Law and Argument

A party or person from whom discovery is sought may move for a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or

expense. Fed. R. Civ. P. 26(c)(1). Courts are to weigh the burden of continuing discovery with the party from whom discovery is sought against the hardship that denying discovery would impose and consider societal interests implicated by postponing discovery. *Tarazi v. Oshry*, No. 2:10-cv-793, 2011 U.S. Dist. LEXIS 39654, at *3-4 (S.D. Ohio Apr. 12, 2011). Additionally, this court does not generally recognize failing to state a claim under Fed. R. Civ. P. 12(b)(6) as a sufficient ground to stay discovery. *Roth v. President of Ohio Univ.*, No. 2:08-cv-1173, 2009 U.S. Dist. LEXIS 83160, at **3-5 (S.D. Ohio Aug. 18, 2009); *Shaw v. Total Image Specialists*, No. 2:07-cv-717, 2010 U.S. Dist. LEXIS 2976, at **2-4 (S.D. Ohio Jan. 14, 2010).

Here, Defendants have moved for judgment on the pleadings on seven of the eight causes of action. Defendant alleges that for three of those claims, Plaintiff has "failed to plead sufficient facts that would entitle her to relief." (Doc. No. 11). These are mere 12(b)(6) grounds for which Defendant is requesting judgment from the court on claims of hostile work environment, retaliation and due process rights. A request for a stay of discovery based on failing to state a claim is not sufficient enough. Many of the elements in the causes of action Defendant seeks to dismiss over failure to state a claim overlap with other causes of action, for which the facts contained in the complaint support.  For instance, the facts articulated to support the third cause of action- retaliation- also evidence claims of age and gender discrimination as causes of action contained within the complaint. Therefore, if the court were to grant a stay in discovery based on dismissal of some claims but not all, as this is a motion for a partial judgment on the pleadings, the discovery requests would remain largely the same as so many of the elements in the causes of action overlap. Additionally, when weighing the burden it could impose upon

Defendant against the hardship postponement could impose it would unfairly prejudice the Plaintiff, as it is not likely all claims will be dismissed in a judgment order for *partial* judgment on the pleadings. Postponing discovery proceedings in action where many of the elements in the claims overlap would unfairly prejudice the Plaintiff in such a way as to outweigh any burden upon Defendant who will likely still be required to abide by the discovery requests already served.  Defendant is concerned about the breadth of the discovery requests which have already been served, but a stay in discovery proceedings will only shorten the amount of time they will have to compile and produce the necessary responses, which will impose a hardship on both parties and further stay overall proceedings.

III. **Conclusion**

Even where Defendants may prevail on certain causes of action being dismissed when this Court issues its judgment order on the pleadings for reasons other than failing to state a claim, discovery requests likely will not be revised due to the similar nature of many of the claims. Therefore, Plaintiff should be permitted access to such discovery regardless of the resolution of the motion for a partial judgment on the pleadings.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com