IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARLEAN A. AMES, | : | |
| Plaintiff, | : | CASE NO. 2:20-cv-05935 |
| v. | : | CHIEF JUDGE ALGENON L. MARBLEY |
| | : | |
| STATE OF OHIO DEPARTMENT OF YOUTH SERVICES, | : | CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.   INTRODUCTION**

Plaintiff Marlean Ames's ("Ames") proposed amended complaint (Doc. 18-1) does not cure the jurisdictional and facial deficiencies that exist in her current Complaint (Doc. 1). Thus, her request for leave to amend should be denied.

Defendant Ohio Department of Youth Services ("the Department") filed a Motion for Partial Judgment on the Pleadings (the "Department's Motion") (Doc. 11). The Department seeks judgment on seven of the eight Counts in Ames's Complaint. Specifically, the Department moved to dismiss Counts 4, 6, 7, and 8 for lack of subject matter jurisdiction. The Department also moved to dismiss Counts 2, 3, and 5 because Ames's Complaint, taken as true, fails to plead sufficient facts that would entitle her to relief.

Two weeks after the Department raised these issues in its Motion, Ames moved for leave to amend her Complaint and attached her proposed amended complaint (Docs. 18 & 18-1). The proposed amended complaint added ¶ 68, which affects Count 3 only. (*Cf.* Docs. 1 & 18-1).

Thus, the jurisdictional and facial concerns raised in the Department's Motion will carryover and apply *exactly* to Ames's proposed amended complaint—excluding Count 3. But even with the addition of ¶ 68, Count 3 still fails to state a claim and should be dismissed as a matter of law. Thus, Ames's proposed amended complaint is futile, and her request for leave to amend should be denied.

## II. LAW & ARGUMENT

### A. Standard of Review

Ames must receive leave of this Court to file her amended complaint. Under Fed. R. Civ. P. 15(a)(1), a "party may amend its pleading once as a matter of course within

> A. 21 days after serving it, or
> B. if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

The Department filed its Answer to Ames's Complaint on January 22, 2021 (Doc. 4), giving Ames until February 12, 2021 to amend her Complaint as a matter of course. Now well beyond this deadline, Ames seeks to amend her complaint with leave from this Court under Fed. R. Civ. P. 15(a)(2).

The decision to grant leave is within this Court's discretion, but leave should be denied if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amended complaint is futile if it would not survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *see also Perry v. Quill*, No. 2:10-cv-78, 2010 U.S. Dist. LEXIS 101560, at *20-21 (S.D. Ohio Sep. 14, 2010) (denying leave because amendment "would not cure the fundamental deficiencies of Plaintiff's claims"). "Futility, alone, can constitute a satisfactory ground for denying a motion for leave to amend." *Nicholson v. Jayco, Inc.,* No. 5:15-

cv-2010, 2016 U.S. Dist. LEXIS 134469, at *70 (N.D. Ohio Sep. 29, 2016) (citing *Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993 (6th Cir. 2006)).

    **B. Counts 2, 4, 5, 6, 7, and 8 in Ames's proposed amended complaint are identical to those in her current Complaint and thus, are still subject to dismissal.**

Ames's proposed amended complaint added ¶ 68; the rest of the proposed amended complaint is *identical* to her Complaint. So, for the same reasons explained in the Department's Motion, Counts 2, 4, 5, 6, 7, and 8 are subject to dismissal. Importantly, too, Ames admits in her Memorandum in Opposition to the Department's Motion that this Court lacks jurisdiction over Count 4. (Doc. 20 at PageID 163-164). Despite this admission, Ames still included Count 4 in her proposed amended complaint. Because Ames's proposed amended complaint fails to cure the fundamental deficiencies in six of the seven Counts, her request for leave should be denied.

    **C. Ames's retaliation claim (Count 3) will not survive a motion to dismiss, despite her new allegation in ¶ 68.**

To establish a retaliation claim, Ames must prove that

    1) she engaged in an activity protected by Title VII;
    2) the Department knew she exercised her civil rights;
    3) the Department thereafter took an adverse employment action against her; and
    4) there was a causal connection between the protected activity and the adverse employment action.

*Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 357 (6th Cir. 2020).

As explained in the Department's Motion, Ames's Complaint fails to allege *facts* showing that she engaged in a protected activity under Title VII—let alone a protected activity that was causally connected to her alleged adverse employment action. Thus, her Complaint fails to state a claim upon which relief can be granted. Ames's proposed amended complaint now includes a new allegation related to her retaliation claim. It says, "Plaintiff states she advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age,

3

and/or sexual orientation was discriminatory. Plaintiff was engaged in a projected activity." (Doc. 18-1 at PageID 155, ¶ 68).

This new allegation, taken as true, is fatal for the same reasons described in the Department's Motion: Ames is complaining about the alleged adverse employment action itself. Retaliation requires some protected activity to predate the adverse employment action; and the two must be causally connected. Here, Ames believes that refusing to accept the alleged adverse employment action is protected activity. This belief is wrong and insufficient to create a retaliation claim as a matter of law. Moreover, nowhere in the proposed amended complaint does Ames allege that she suffered an adverse employment action *after* she purportedly complained about discrimination in ¶ 68. So even if the allegation in ¶ 68 is considered protected activity, Ames fails to connect it to a subsequent adverse employment action. Thus, Count 3 is still subject to dismissal.

### III. CONCLUSION

Because Counts 2-8 in Ames's proposed amended complaint are still subject to dismissal, this Court should deny her leave to amend.

Respectfully submitted,

DAVID YOST (0056290)
Ohio Attorney General

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General
DEVON J. ALEXANDER (0098814)
Assistant Attorney General

4

Employment Law Section
30 East Broad St., 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioattorneygeneral.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant's Memorandum Opposing Plaintiff's Motion to Amend Complaint* was filed electronically on April 23, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General