# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARLEAN A. AMES,**

    **Plaintiff,**

                                             **Civil Action 2:20-cv-5935**
                                             **Chief Judge Algenon L. Marbley**
    **v.**                                           **Magistrate Judge Elizabeth P. Deavers**

**STATE OF OHIO DEPARTMENT**
**OF YOUTH SERVICES,**

    **Defendant.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Amend Complaint *Instanter* (ECF No. 18), Defendant's Response in Opposition (ECF No. 22), and Plaintiff's Reply (ECF No. 25). For the reasons that follow, Plaintiff's Motion to Amend Complaint *Instanter*, ECF No. 18, is **GRANTED**.

## I.

On April 9, 2021, Plaintiff moved the Court for leave to file an Amended Complaint "to clarify certain sections of the Complaint." (ECF No. 18.) Plaintiff did not file a Memorandum in Support, and instead simply submits that her Motion is "consistent with the Court's [Preliminary Pretrial Order] filed on March 9th, 2021." (*Id.*) In response, Defendant argues that the proposed amendment "affects Count 3 only," but "even with the [amendment], Count 3 still fails to state a claim," so Plaintiff's proposed amendment is futile. (ECF No. 22 at PAGEID ## 173-174.) In reply, Plaintiff repeats that she has complied with the Court's Preliminary Pretrial Order, and argues that "Defendant frivolously used [its] opposition . . . to

bolster its argument in support of its partial motion for judgment on the pleadings," which otherwise has been fully briefed. (ECF No. 25 at PAGEID ## 182-183.)

## II.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Accordingly, Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Furthermore, in considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

## III.

Here, Defendant only argues that Plaintiff's proposed amendment would be futile. (*See* ECF No. 22.) While Defendant is correct that futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend is appropriate at this

time. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend the Complaint under Rule 15's liberal standard, with the understanding that Defendant is free to challenge the claims against it through a motion to dismiss or a motion for judgment on the pleadings. *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No. 2:14–cv–243, 2014 WL 6821163, at *3 (S.D. Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss").

**IV.**

For the foregoing reasons, Plaintiff's Motion to Amend Complaint *Instanter*, ECF No. 18, is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's First Amended Complaint (ECF No. 18-1), which is attached to the Motion. Additionally, as a result of this Order, Defendant Ohio Department of Youth Services' Motion for Partial Judgment on the Pleadings, ECF No. 11,

3

and Defendant's Motion for Protective Order Staying Discovery, ECF No. 15, are **DENIED AS MOOT** with the understanding that Defendant is free to move again.

    **IT IS SO ORDERED.**


**Date: May 6, 2021**　　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**