**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARLEAN A. AMES <br> 66 Courtside Circle <br> Akron, Ohio 44319 <br><br> Plaintiff, <br><br> v. <br><br> STATE OF OHIO DEPARTMENT <br> OF YOUTH SERVICES <br> c/o Director Ryan Gies <br> 4545 Fisher Road, Suite D <br> Columbus, Ohio 43228 <br><br> Defendant. | CASE NO. 2:20-cv-05935 <br><br> CHIEF JUDGE ALGENON L. MARBLEY <br><br> CHIEF MAGISTRATE JUDGE <br> ELIZABETH P. DEAVERS <br><br><br> **PLAINTIFF'S FIRST AMENDED** <br> **COMPLAINT** <br> (Jury Demand Endorsed Herein) |

Now comes Marlean A. Ames ("Plaintiff"), by and through the undersigned counsel, and states as her First Amended Complaint the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, *as amended,* alleging gender discrimination and heterosexual discrimination.

2. Further, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

4. On or about April 20th, 2020, the U.S. Equal Employment Opportunity Commission ("EEOC") reached a determination of probable cause (see Exhibit 1- EEOC Determination) and incorporated by reference as if fully rewritten herein.

5. On September 9th, 2020, the EEOC issued a 90-day right to sue letter (see Exhibit 3) and incorporated by reference as if fully rewritten herein.

6. Plaintiff has filed this action within the allotted 90 days.

7. Jurisdiction and venue also are claimed under 28 U.S.C.§ 1331, §1343 and §1367.

8. Plaintiff further raises this claim under §4112 in regards to retaliation, and other claims.

9. The proper amounts are alleged for this Court's jurisdiction.

10. Plaintiff also alleges 42 U.S.C. 1983 violations for a 14th Amendment due process claim.

## PARTIES

11. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

12. Plaintiff Marlean A. Ames is a heterosexual female over the age of 40 (D.O.B. March 28th, 1964), who resides in Summit County, Akron, Ohio.

13. Defendant State of Ohio Department of Youth Services ("DYS") is a state agency charged with the responsibility of confining and rehabilitating juveniles.

14. DYS further hires staff to complete its mission.

15. At all times relevant, the State of Ohio Department of Youth Services was Plaintiff's employer.

## STATEMENT OF FACTS

16. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

17. Plaintiff states that on or about March 15th, 2004, she was originally hired as an Executive Secretary assigned to the Akron region of the Parole Division of DYS[1].

---

[1] Plaintiff had prior state seniority in another department.

18. Plaintiff continued to perform her duties in an excellent manner.

19. In November of 2004, Plaintiff was then transferred into the Indian River Juvenile Corrections Facility in the same job title.

20. On or about January 1st, 2009, Plaintiff applied for and was accepted into a position in the Central Office, located in Columbus, Ohio, as an Administrative Assistant 2, also known as "Program Administrator 2" (PA2).

21. Plaintiff continued to perform her duties in an excellent manner and received excellent reviews and salary increases.

22. On or about April 1st, 2014, Plaintiff was promoted to the position of Prison Rape Elimination Act Administrator (PREAA).

23. Plaintiff was then supervised by Wendi (Faulkner) Davis.

24. Davis made it known that she was a friend and supporter of the LGBTIQ community (lesbian, gay, bisexual, transgender, intersex, or questioning), i.e. homosexual.

25. Plaintiff continued to perform her duties in a normal fashion, however, Plaintiff is a heterosexual and had no problems working for or with LGBTIQ individuals.

26. On or about May of 2017, Davis took another position and Ginine Trim ("Trim") became Plaintiff's immediate supervisor.

27. Trim made it known that she was a member of the LGBTIQ community and was acting in the role of Deputy Director over Quality Assurance and the Chief Inspector.

28. Again, Plaintiff had no problems working with Trim.

29. On or about May 1st, 2017, a 25-year-old male by the name of Alexander Stojsavljevic ("Stojsavljevic") was hired by Defendant as a social worker for the Indian River facility Indian River Juvenile Correctional Facility ("IRJCF").

30. In approximately October of 2017, Stojsavljevic was promoted as Client Advocate/PREA Compliance Manager (PCM) at Indian River Juvenile Correctional Facility (IRJCF). He was not eligible for the promotion as he was still on "probationary status". At which time, the current Superintendent of IRJCF (Chris Freeman) had him resign his social work position and hired him the next day as Client Advocate/PREA Compliance Manager ("PCM") which is against hiring processes..

31. Stojsavljevic also made it known that he was a member of the LGBTIQ community.

32. Stojsavljevic made it known to Trim, Davis and others that he wanted Plaintiff's position as PREA Administrator.

33. In fact, Stojsavljevic, on numerous occasions, and in front of Plaintiff, told Trim that he wanted Plaintiff's job and that Plaintiff should retire.

34. Plaintiff continued to resist and indicated that she intended to work until she was 65 years of age.

35. On or about May 6th, 2019, supervisor Trim went to Plaintiff's cubicle and presented Plaintiff with a Certificate of Appreciation for 30-years of public service, along with a pin.

36. Trim then indicated to Plaintiff that she should retire. Plaintiff, again, resisted. However, Trim pressed the conversation and suggested that Plaintiff retire or go back to Akron and work at the Akron facility to be closer to home. Plaintiff again resisted and said "no".

37. In fact, Trim encouraged Plaintiff "to apply for the Client Advocate/PCM position that Stojsavljevic just left at IRJCF (on or about November 2018) which was a pay grade 11, taking a voluntary demotion from a pay grade 14 maxed out on the pay scale.".

38. On or about May 10th, 2019, without notice, Plaintiff was summoned to the Director Ryan Gies' conference room.

39. Present in the conference room were HR Bureau Chief Robin Gee ("Gee") and Assistant Director of DYS Julie Walburn ("Walburn"). On information and belief, Walburn is a friend and supporter of the LBGTIQ community.

40. Walburn advised Plaintiff "Since you are an unclassified employee, in an unclassified position, you are hereby relived of duty, as of now. You must sign this paper. You are being demoted and you are to go back to the Indian River facility as an Administrative Professional No. 4" (See Exhibit 2).

41. Plaintiff inquired as to why she was being demoted and Walburn indicated "I am not going to discuss this with you. I am not going to debate it. Just sign the paper and have a job, or do not sign the paper and do not have a job.".

42. Upset, Plaintiff left the conference room, without signing the paper, and went back to her cubicle, crying.

43. Supervisors Gee and Trim cornered Plaintiff and demanded that she sign the paper or be terminated.

44. The content of the paper was an agreed transfer and demotion.

45. Plaintiff was forced to sign the paper and was ordered out of the facility immediately.

46. Plaintiff was then required to report to the Indian River Juvenile Correctional Facility (IRJCF) in Massillon near Akron.

47. On May 13, 2019, a short three days after Plaintiff's demotion, Plaintiff's position (PREAA) was filled by Stojsavljevic.

48. Plaintiff states that Stojsavljevic did not meet the minimum qualifications for the position and further, he did not apply for the position of PREAA.

49. However, the supervisors conspired among themselves to give Stojsavljevic the position.

5

50. Plaintiff further states that prior to the above events, in April of 2019, she had interviewed for the job of Bureau Chief of the Quality Assurance Department.

51. Plaintiff states that she was qualified for the position and submitted a proposal and article for fulfilling the Bureau Chief position.

52. Plaintiff states that in December of 2019, she was advised that Yolanda Frierson ("Frierson") was promoted to the job, although she did not meet the minimum qualifications and did not apply for the job when it was originally posted.

53. Plaintiff states that upon information and belief, Frierson is less than 40 years of age and a member of the LGBTIQ community.

54. Plaintiff further states that on or about July 29, 2019, Jeffrey Spears ("Spears"), male and a member of the LGBTIQ community, was given his 30-years of service certificate.

55. Plaintiff states Trim and other gay supervisors provided a party, a cake and a publication to the general department recognizing and congratulating Spears on his accomplishment.

56. However, the same was not provided to Plaintiff.

57. Plaintiff states that her heterosexual status caused her to be discriminated against by the LGBTIQ community of supervisors and employees.

58. Plaintiff's sexual preference and her age were defining factors in the way she was treated.

59. Plaintiff states that she was demoted and lost in excess of $40,000.00 per year as a result of the unfair, inappropriate and discriminatory demotion and actions of the supervisors.

60. Others outside of Plaintiff's protected groups were either not demoted or did not receive such a significant decrease in their compensation when moved to another position, or demoted due to discipline.

## FEDERAL CLAIMS: FIRST CAUSE OF ACTION

### (Title VII- Gender and Sexual Orientation Discrimination)

61. Plaintiff incorporates all of the above, and the Exhibits, as if fully rewritten herein.

62. Plaintiff states that actions of the Defendant in conspiring, demoting and discriminating against Plaintiff based upon her gender and sexual orientation as a determining factor in the treatment of Plaintiff by Defendant supervisors is a clear violation of Title VII of the Civil Rights Act of 1964, as amended.

63. **WHEREFORE**, Plaintiff demands compensatory damages inclusive of back pay, pain, suffering, anguish and humiliation in the amount of $500,000.00, attorney fees, equitable relief, reinstatement to her proper position, injunctive relief against any future acts and any other relief this Court deems as fair and equitable.

## SECOND CAUSE OF ACTION

### (Title VII- Hostile Work Environment)

64. Plaintiff reincorporates all of the above, the cause of action, and the Exhibits, as if fully rewritten herein.

65. Plaintiff states that the actions of the Defendant's supervisors, with the support, knowledge and approval of management, by constantly demanding Plaintiff retire and taking action to remove Plaintiff from her position, all in an effort to belittle, degrade and offend Plaintiff because of her sexual orientation and age is clearly a violation of Title VII of the Civil Rights Act of 1964, as amended.

66. **WHEREFORE**, Plaintiff demands compensatory damages of back pay, pain, suffering, anguish and reinstatement in the amount of $200,000.00, attorney fees, injunctive relief, costs and any other relief this Court deems as fair and equitable.

## THIRD CAUSE OF ACTION

### (Title VII- Retaliation)

67. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

68. Plaintiff states she advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age and/or sexual orientation was discriminatory. Plaintiff was engaged in a protected activity.

69. Plaintiff states that the action of Defendants, in retaliating against Plaintiff for her refusal to retire and refusal to accept a lesser position because of her gender, age and sexual orientation, is a clear violation of Title VII of the Civil Rights Act of 1964, as amended.

70. **WHEREFORE**, Plaintiff demands compensatory damages, backpay, reinstatement, pain, suffering, anguish and humiliation in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

## FOURTH CAUSE OF ACTION

### (Age Discrimination - Age Discrimination in Employment Act)

71. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

72. Plaintiff states that the action of the Defendant, in removing Plaintiff from her position and thereafter reemploying the position to a person, or persons, less than 40 years of age and denying Plaintiff a position she clearly was entitled to, based upon her age is clearly a violation of the ADEA.

73. Plaintiff states that her age was a determining factor in the entire matter in which is stated in the above facts.

74. **WHEREFORE**, Plaintiff demands for compensatory damages, backpay, pain, suffering, anguish and humiliation in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

## FIFTH CAUSE OF ACTION

### (42 U.S.C. § 1983 Loudermill Claim)

75. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

76. Plaintiff states that the action of the Defendant denying Plaintiff a hearing before negative employment action was taken against Plaintiff is a clear violation of Plaintiff's 14th Amendment due process rights.

77. Plaintiff states that she did have a property right which entitled her to a reasonable hearing before demotion or termination.

78. Plaintiff states that the action of the Defendant, in using their state authority to deny Plaintiff her constitutional right to a property interest, is clearly a violation of 42 U.S.C. § 1983.

79. Plaintiff states that the actions of the supervisors were clearly supported by management.

80. Management condoned the acts of the supervisors and further refused to correct the situation.

81. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

## SIXTH CAUSE OF ACTION

### (Age Discrimination Under R.C. 4112)

82. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

83. Plaintiff states that that action of the Defendant, in denying Plaintiff her rightful position because of her age, is a clear violation of 4112 Ohio Revised Code.

84. Plaintiff states that her age was a determining factor in the manner by which she was treated.

85. **WHEREFORE**, Plaintiff demands for age discrimination, in violation of state law, compensatory damages of $250,000.00, attorney fees, costs and any other relief this Court deems as fair and equitable including injunctive relief and reinstatement.

## SEVENTH CAUSE OF ACTION

### (Gender Discrimination Under R.C. 4112)

86. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

87. Plaintiff states the action of the Defendant, in taking punitive action against Plaintiff because of her sexual orientation, is clearly a violation of 4112 Ohio Revised Code.

88. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay, attorney fees and costs in the amount of $200,000.00, injunctive relief and any other relief this Court deems as fair and equitable.

## EIGHTH CAUSE OF ACTION

### (Hostile Work Environment Under R.C. 4112)

89. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

90. Plaintiff states the action of the Defendant, in denying Plaintiff her position, setting a hostile work environment and denying Plaintiff a promotion, is clearly a hostile work environment.

91. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
 egilbert@edwardlgilbert.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on April 9th, 2021.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Edward L. Gilbert<br>
Edward L. Gilbert (0014544)