**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARLEAN A. AMES,** | : | |
| **Plaintiff,** | : | **CASE NO. 2:20-cv-05935-ALM-EPD** |
| **v.** | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STATE OF OHIO DEPARTMENT OF YOUTH SERVICES,** | : | **CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS** |
| **Defendant.** | : | |

**DEFENDANT OHIO DEPARTMENT OF YOUTH SERVICES' ANSWER TO
PLAINTIFF MARLEAN AMES'S FIRST AMENDED COMPLAINT**

Defendant Ohio Department of Youth Services ("Defendant" or "DYS"), by and through counsel, files its Answer to Plaintiff Marlean Ames's First Amended Complaint (Doc. 28). For the Court's convenience, Plaintiff's allegations are set forth verbatim with DYS's response immediately following.

**JURISDICTION AND VENUE**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, *as amended,* alleging gender discrimination and heterosexual discrimination.

**ANSWER:** As to ¶ 1 of the First Amended Complaint, Defendant avers that the referenced statute speaks for itself and therefore, no response is required, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

2. Further, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

**ANSWER:** As to ¶ 2 of the First Amended Complaint, Defendant avers that the referenced statute speaks for itself and therefore, no response is required, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

**ANSWER:** As to ¶ 3 of the First Amended Complaint, Defendant admits that the alleged actions in the First Amended Complaint took place within the geographic jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division. Defendant denies the remaining allegations in ¶ 3 of the First Amended Complaint, and specifically denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

4. On or about April 20th, 2020, the U.S. Equal Employment Opportunity Commission ("EEOC") reached a determination of probable cause (see Exhibit 1- EEOC Determination) and incorporated by reference as if fully rewritten herein.

**ANSWER:** As to ¶ 4 of the First Amended Complaint, Defendant avers that Plaintiff's Exhibit 1 to the Complaint[1] (Doc. 1-1) is a written document that speaks for itself and therefore, no response is required regarding Exhibit 1 (Doc. 1-1). Defendant denies the remaining allegations in ¶ 4 of the First Amended Complaint.

---

[1] Plaintiff's Complaint (Doc. 1) attached three exhibits (Docs. 1-1, 1-2, 1-3). Plaintiff's First Amended Complaint (Doc. 28) references exhibits, but no exhibits are attached to the First Amended Complaint. Defendant assumes that Plaintiff's First Amended Complaint is referencing the exhibits attached to her Complaint and thus, answers accordingly. If Plaintiff is referencing different exhibits in her First Amended Complaint, then Defendant denies for lack of knowledge all allegations herein that reference an exhibit.

2

5. On September 9th, 2020, the EEOC issued a 90-day right to sue letter (see Exhibit 3) and incorporated by reference as if fully rewritten herein.

**ANSWER:** As to ¶ 5 of the First Amended Complaint, Defendant avers that Plaintiff's Exhibit 3 to the Complaint (Doc. 1-3) is a written document that speaks for itself and therefore, no response is required regarding Exhibit 3 (Doc. 1-3).

6. Plaintiff has filed this action within the allotted 90 days.

**ANSWER:** As to ¶ 6 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

7. Jurisdiction and venue also are claimed under 28 U.S.C.§ 1331, §1343 and §1367.

**ANSWER:** As to ¶ 7 of the First Amended Complaint, Defendant avers that the referenced statutes speak for themselves and therefore, no response is required. Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court under 28 U.S.C.§ 1331, §1343, and §1367, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

8. Plaintiff further raises this claim under §4112 in regards to retaliation, and other claims.

**ANSWER:** As to ¶ 8 of the First Amended Complaint, Defendant avers that the referenced statute speaks for itself and therefore, no response is required, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

9. The proper amounts are alleged for this Court's jurisdiction.

**ANSWER:** As to ¶ 9 of the First Amended Complaint, Defendant avers that the allegations are legal conclusions to which no response is required, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

10. Plaintiff also alleges 42 U.S.C. 1983 violations for a 14th Amendment due process claim.

**ANSWER:** As to ¶ 10 of the First Amended Complaint, Defendant avers that the referenced statute speaks for itself and therefore, no response is required, but Defendant denies liability and denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## PARTIES

11. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

12. Plaintiff Marlean A. Ames is a heterosexual female over the age of 40 (D.O.B. March 28th, 1964), who resides in Summit County, Akron, Ohio.

**ANSWER:** As to ¶ 12 of the First Amended Complaint, Defendant denies for lack of knowledge the allegation that Plaintiff is heterosexual. Defendant admits, upon information and belief, the remaining allegations in ¶ 12 of the First Amended Complaint.

13. Defendant State of Ohio Department of Youth Services ("DYS") is a state agency charged with the responsibility of confining and rehabilitating juveniles.

**ANSWER:** As to ¶ 13 of the First Amended Complaint, Defendant admits the allegations contained therein.

14. DYS further hires staff to complete its mission.

**ANSWER:** As to ¶ 14 of the First Amended Complaint, Defendant admits the allegations contained therein.

15. At all times relevant, the State of Ohio Department of Youth Services was Plaintiff's employer.

**ANSWER:** As to ¶ 15 of the First Amended Complaint, Defendant admits the allegations contained therein.

## STATEMENT OF FACTS

16. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

17. Plaintiff states that on or about March 15th, 2004, she was originally hired as an Executive Secretary assigned to the Akron region of the Parole Division of DYS.

**ANSWER:** As to ¶ 17 of the First Amended Complaint, Defendant admits that Plaintiff was

hired by DYS on March 8, 2004, as an Executive Secretary 1 at the Akron Regional Office. Defendant denies the remaining allegations in ¶ 17 of the First Amended Complaint.

18. Plaintiff continued to perform her duties in an excellent manner.

**ANSWER:** As to ¶ 18 of the First Amended Complaint, Defendant denies the allegations contained therein.

19. In November of 2004, Plaintiff was then transferred into the Indian River Juvenile Corrections Facility in the same job title.

**ANSWER:** As to ¶ 19 of the First Amended Complaint, Defendant admits that Plaintiff, while remaining in the same position, consented to a voluntary lateral transfer from the Akron Regional Office to the Indian River Juvenile Correctional Facility in June 2005. Defendant denies the remaining allegations in ¶ 19 of the First Amended Complaint.

20. On or about January 1st, 2009, Plaintiff applied for and was accepted into a position in the Central Office, located in Columbus, Ohio, as an Administrative Assistant 2, also known as "Program Administrator 2" (PA2).

**ANSWER:** As to ¶ 20 of the First Amended Complaint, Defendant admits that on January 4, 2009, Plaintiff assumed the position of Administrative Assistant 3 at Defendant's Central Office, located in Columbus, Ohio. Defendant denies the remaining allegations in ¶ 20 of the First Amended Complaint.

21. Plaintiff continued to perform her duties in an excellent manner and received excellent reviews and salary increases.

**ANSWER:** As to ¶ 21 of the First Amended Complaint, Defendant admits that Plaintiff received base rate increases while employed as Administrative Assistant 3. Defendant denies the remaining allegations in ¶ 21 of the First Amended Complaint.

22. On or about April 1st, 2014, Plaintiff was promoted to the position of Prison Rape Elimination Act Administrator (PREAA).

**ANSWER:** As to ¶ 22 of the First Amended Complaint, Defendant admits that on April 20, 2014, Plaintiff was promoted to Program Administrator 3, which was also referred to as the Prison Rape Elimination Act Administrator. Defendant denies the remaining allegations in ¶ 22 of the First Amended Complaint.

23. Plaintiff was then supervised by Wendi (Faulkner) Davis.

**ANSWER:** As to ¶ 23 of the First Amended Complaint, Defendant admits the allegations contained therein.

24. Davis made it known that she was a friend and supporter of the LGBTIQ community (lesbian, gay, bisexual, transgender, intersex, or questioning), i.e. homosexual.

**ANSWER:** As to ¶ 24 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

25. Plaintiff continued to perform her duties in a normal fashion, however, Plaintiff is a heterosexual and had no problems working for or with LGBTIQ individuals.

**ANSWER:** As to ¶ 25 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

26. On or about May of 2017, Davis took another position and Ginine Trim ("Trim") became Plaintiff's immediate supervisor.

**ANSWER:** As to ¶ 26 of the First Amended Complaint, Defendant admits the allegations contained therein.

27. Trim made it known that she was a member of the LGBTIQ community and was acting in the role of Deputy Director over Quality Assurance and the Chief Inspector.

**ANSWER:** As to ¶ 27 of the First Amended Complaint, Defendant admits that Trim is a Deputy Director for DYS. Defendant denies for lack of knowledge the remaining allegations in ¶ 27 of the First Amended Complaint.

28. Again, Plaintiff had no problems working with Trim.

**ANSWER:** As to ¶ 28 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

29. On or about May 1st, 2017, a 25-year-old male by the name of Alexander Stojsavljevic ("Stojsavljevic") was hired by Defendant as a social worker for the Indian River facility Indian River Juvenile Correctional Facility ("IRJCF").

**ANSWER:** As to ¶ 29 of the First Amended Complaint, Defendant admits that on May 1, 2017, Stojsavljevic was hired by Defendant as a Social Worker 1 at the Indian River Juvenile Correctional Facility. Defendant further admits that Stojsavljevic was 23 years old when he assumed this position. Defendant denies the remaining allegations in ¶ 29 of the First Amended Complaint.

30. In approximately October of 2017, Stojsavljevic was promoted as Client Advocate/PREA Compliance Manager (PCM) at Indian River Juvenile Correctional Facility (IRJCF). He was not eligible for the promotion as he was still on "probationary status". At which time, the current Superintendent of IRJCF (Chris Freeman) had him resign his social work position and hired him the next day as Client Advocate/PREA Compliance Manager ("PCM") which is against hiring processes.

**ANSWER:** As to ¶ 30 of the First Amended Complaint, Defendant admits that in October 2017, Stojsavljevic was promoted from Social Worker 1 to Client Advocate Program Administrator at the Indian River Juvenile Correctional Facility. Defendant denies the remaining allegations contained in ¶ 30 of the First Amended Complaint.

31. Stojsavljevic also made it known that he was a member of the LGBTIQ community.

**ANSWER:** As to ¶ 31 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

32. Stojsavljevic made it known to Trim, Davis and others that he wanted Plaintiff's position as PREA Administrator.

**ANSWER:** As to ¶ 32 of the First Amended Complaint, Defendant denies the allegations contained therein.

33. In fact, Stojsavljevic, on numerous occasions, and in front of Plaintiff, told Trim that he wanted Plaintiff's job and that Plaintiff should retire.

**ANSWER:** As to ¶ 33 of the First Amended Complaint, Defendant denies the allegations contained therein.

34. Plaintiff continued to resist and indicated that she intended to work until she was 65 years of age.

**ANSWER:** As to ¶ 34 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.

35. On or about May 6th, 2019, supervisor Trim went to Plaintiff's cubicle and presented Plaintiff with a Certificate of Appreciation for 30-years of public service, along with a pin.

**ANSWER:** As to ¶ 35 of the First Amended Complaint, Defendant admits the allegations contained therein.

36. Trim then indicated to Plaintiff that she should retire. Plaintiff, again, resisted. However, Trim pressed the conversation and suggested that Plaintiff retire or go back to Akron and work at the Akron facility to be closer to home. Plaintiff again resisted and said "no".

**ANSWER:** As to ¶ 36 of the First Amended Complaint, Defendant denies the allegations contained therein.

37. In fact, Trim encouraged Plaintiff "to apply for the Client Advocate/PCM position that Stojsavljevic just left at IRJCF (on or about November 2018) which was a pay grade 11, taking a voluntary demotion from a pay grade 14 maxed out on the pay scale.".

**ANSWER:** As to ¶ 37 of the First Amended Complaint, Defendant denies the allegations contained therein.

38. On or about May 10th, 2019, without notice, Plaintiff was summoned to the Director Ryan Gies' conference room.

**ANSWER:** As to ¶ 38 of the First Amended Complaint, Defendant admits that Plaintiff was asked to go to Director Ryan Gies's conference room. Defendant denies the remaining allegations in ¶ 38 of the First Amended Complaint.

39. Present in the conference room were HR Bureau Chief Robin Gee ("Gee") and Assistant Director of DYS Julie Walburn ("Walburn"). On information and belief, Walburn is a friend and supporter of the LBGTIQ community.

**ANSWER:** As to ¶ 39 of the First Amended Complaint, Defendant admits that Robin Gee, HCM Administrator 2, Ohio Department of Rehabilitation and Correction; and Julie Walburn, Assistant Director, DYS were present in the room. Defendant denies for lack of knowledge the allegation that "Walburn is a friend and supporter of the LGBTIQ community."

40. Walburn advised Plaintiff "Since you are an unclassified employee, in an unclassified position, you are hereby reli[e]ved of duty, as of now. You must sign this paper. You are being

demoted and you are to go back to the Indian River facility as an Administrative Professional No. 4" (See Exhibit 2).

   **ANSWER:** As to ¶ 40 of the First Amended Complaint, Defendant avers that Plaintiff's Exhibit 2 to the Complaint (Doc. 1-2) is a written document that speaks for itself, and therefore, no response is required regarding Exhibit 2 (Doc. 1-2), but Defendant admits that Plaintiff was informed that her unclassified appointment to the position as Program Administrator 3 with DYS Central Office was being revoked. Defendant denies the remaining allegations in ¶ 40 of the First Amended Complaint.


41. Plaintiff inquired as to why she was being demoted and Walburn indicated "I am not going to discuss this with you. I am not going to debate it. Just sign the paper and have a job, or do not sign the paper and do not have a job.".

   **ANSWER:** As to ¶ 41 of the First Amended Complaint, Defendant denies the allegations contained therein.


42. Upset, Plaintiff left the conference room, without signing the paper, and went back to her cubicle, crying.

   **ANSWER:** As to ¶ 42 of the First Amended Complaint, Defendant denies for lack of knowledge the allegations contained therein.


43. Supervisors Gee and Trim cornered Plaintiff and demanded that she sign the paper or be terminated.

   **ANSWER:** As to ¶ 43 of the First Amended Complaint, Defendant denies the allegations

contained therein.

44. The content of the paper was an agreed transfer and demotion.

**ANSWER:** As to ¶ 44 of the First Amended Complaint, Defendant avers that Plaintiff's Exhibit 2 to the Complaint (Doc. 1-2) is a written document that speaks for itself and therefore, no response is required regarding Exhibit 2 (Doc. 1-2). Defendant denies the remaining allegations in ¶ 44 of the First Amended Complaint.

45. Plaintiff was forced to sign the paper and was ordered out of the facility immediately.

**ANSWER:** As to ¶ 45 of the First Amended Complaint, Defendant denies the allegations contained therein.

46. Plaintiff was then required to report to the Indian River Juvenile Correctional Facility (IRJCF) in Massillon near Akron.

**ANSWER:** As to ¶ 46 of the First Amended Complaint, Defendant admits that Plaintiff accepted a fall back position at Indian River Juvenile Correctional Facility. Defendant denies the remaining allegations in ¶ 46 of the First Amended Complaint.

47. On May 13, 2019, a short three days after Plaintiff's demotion, Plaintiff's position (PREAA) was filled by Stojsavljevic.

**ANSWER:** As to ¶ 47 of the First Amended Complaint, Defendant admits that Stojsavljevic filled Plaintiff's previously held PREAA position. Defendant denies the remaining allegations in ¶ 47 of the First Amended Complaint.

48. Plaintiff states that Stojsavljevic did not meet the minimum qualifications for the position and further, he did not apply for the position of PREAA.

**ANSWER:** As to ¶ 48 of the First Amended Complaint, Defendant denies the allegations contained therein.

49. However, the supervisors conspired among themselves to give Stojsavljevic the position.

**ANSWER:** As to ¶ 49 of the First Amended Complaint, Defendant denies the allegations contained therein.

50. Plaintiff further states that prior to the above events, in April of 2019, she had interviewed for the job of Bureau Chief of the Quality Assurance Department.

**ANSWER:** As to ¶ 50 of the First Amended Complaint, Defendant admits the allegations contained therein.

51. Plaintiff states that she was qualified for the position and submitted a proposal and article for fulfilling the Bureau Chief position.

**ANSWER:** As to ¶ 51 of the First Amended Complaint, Defendant denies the allegations contained therein.

52. Plaintiff states that in December of 2019, she was advised that Yolanda Frierson ("Frierson") was promoted to the job, although she did not meet the minimum qualifications and did not apply for the job when it was originally posted.

14

**ANSWER:** As to ¶ 52 of the First Amended Complaint, Defendant denies the allegations contained therein.

53. Plaintiff states that upon information and belief, Frierson is less than 40 years of age and a member of the LGBTIQ community.

**ANSWER:** As to ¶ 53 of the First Amended Complaint, Defendant denies for lack of knowledge the allegation that Frierson is "a member of the LGBTIQ community." Defendant denies the allegation that "Frierson is less than 40 years of age."

54. Plaintiff further states that on or about July 29, 2019, Jeffrey Spears ("Spears"), male and a member of the LGBTIQ community, was given his 30-years of service certificate.

**ANSWER:** As to ¶ 54 of the First Amended Complaint, Defendant admits that Spears received a certificate and pin in recognition for his 30 years of State service. Defendant admits, upon information and belief, that Spears is male. Defendant denies for lack of knowledge the allegation that Spears is a "member of the LGBTIQ community."

55. Plaintiff states Trim and other gay supervisors provided a party, a cake and a publication to the general department recognizing and congratulating Spears on his accomplishment.

**ANSWER:** As to ¶ 55 of the First Amended Complaint, Defendant denies the allegations contained therein.

56. However, the same was not provided to Plaintiff.

**ANSWER:** As to ¶ 56 of the First Amended Complaint, Defendant denies the allegations

contained therein.

57. Plaintiff states that her heterosexual status caused her to be discriminated against by the LGBTIQ community of supervisors and employees.

**ANSWER:** As to ¶ 57 of the First Amended Complaint, Defendant denies the allegations contained therein.

58. Plaintiff's sexual preference and her age were defining factors in the way she was treated.

**ANSWER:** As to ¶ 58 of the First Amended Complaint, Defendant denies the allegations contained therein.

59. Plaintiff states that she was demoted and lost in excess of $40,000.00 per year as a result of the unfair, inappropriate and discriminatory demotion and actions of the supervisors.

**ANSWER:** As to ¶ 59 of the First Amended Complaint, Defendant denies the allegations contained therein.

60. Others outside of Plaintiff's protected groups were either not demoted or did not receive such a significant decrease in their compensation when moved to another position, or demoted due to discipline.

**ANSWER:** As to ¶ 60 of the First Amended Complaint, Defendant denies the allegations contained therein.

### FEDERAL CLAIMS: FIRST CAUSE OF ACTION
### (Title VII- Gender and Sexual Orientation Discrimination)

61. Plaintiff incorporates all of the above, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully

rewritten herein.


62. Plaintiff states that actions of the Defendant in conspiring, demoting and discriminating

against Plaintiff based upon her gender and sexual orientation as a determining factor in the

treatment of Plaintiff by Defendant supervisors is a clear violation of Title VII of the Civil Rights

Act of 1964, as amended.

**ANSWER:** As to ¶ 62 of the First Amended Complaint, Defendant denies the allegations

contained therein.


63. **WHEREFORE**, Plaintiff demands compensatory damages inclusive of back pay, pain,

suffering, anguish and humiliation in the amount of $500,000.00, attorney fees, equitable relief,

reinstatement to her proper position, injunctive relief against any future acts and any other relief

this Court deems as fair and equitable.

**ANSWER:** As to ¶ 63 of the First Amended Complaint, Defendant denies the allegations,

and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief

whatsoever.


### SECOND CAUSE OF ACTION
### (Title VII- Hostile Work Environment)

64. Plaintiff reincorporates all of the above, the cause of action, and the Exhibits, as if fully

rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

65. Plaintiff states that the actions of the Defendant's supervisors, with the support, knowledge and approval of management, by constantly demanding Plaintiff retire and taking action to remove Plaintiff from her position, all in an effort to belittle, degrade and offend Plaintiff because of her sexual orientation and age is clearly a violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** As to ¶ 65 of the First Amended Complaint, Defendant denies the allegations contained therein.

66. **WHEREFORE**, Plaintiff demands compensatory damages of back pay, pain, suffering, anguish and reinstatement in the amount of $200,000.00, attorney fees, injunctive relief, costs and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 66 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

### THIRD CAUSE OF ACTION
#### (Title VII- Retaliation)

67. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

68. Plaintiff states she advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age and/or sexual orientation was discriminatory. Plaintiff was engaged in a protected activity.

**ANSWER:** As to ¶ 68 of the First Amended Complaint, Defendant denies the allegations contained therein.

69. Plaintiff states that the action of Defendants, in retaliating against Plaintiff for her refusal to retire and refusal to accept a lesser position because of her gender, age and sexual orientation, is a clear violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:** As to ¶ 69 of the First Amended Complaint, Defendant denies the allegations contained therein.

70. **WHEREFORE**, Plaintiff demands compensatory damages, backpay, reinstatement, pain, suffering, anguish and humiliation in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 70 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## FOURTH CAUSE OF ACTION
### (Age Discrimination - Age Discrimination in Employment Act)

71. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

72. Plaintiff states that the action of the Defendant, in removing Plaintiff from her position and thereafter reemploying the position to a person, or persons, less than 40 years of age and denying Plaintiff a position she clearly was entitled to, based upon her age is clearly a violation of the ADEA.

**ANSWER:** As to ¶ 72 of the First Amended Complaint, Defendant denies the allegations contained therein.

73. Plaintiff states that her age was a determining factor in the entire matter in which is stated in the above facts.

**ANSWER:** As to ¶ 73 of the First Amended Complaint, Defendant denies the allegations contained therein.

74. **WHEREFORE**, Plaintiff demands for compensatory damages, backpay, pain, suffering, anguish and humiliation in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 74 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983 Loudermill Claim)

75. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully

20

rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

76. Plaintiff states that the action of the Defendant denying Plaintiff a hearing before negative employment action was taken against Plaintiff is a clear violation of Plaintiff's 14th Amendment due process rights.

**ANSWER:** As to ¶ 76 of the First Amended Complaint, Defendant denies the allegations contained therein.

77. Plaintiff states that she did have a property right which entitled her to a reasonable hearing before demotion or termination.

**ANSWER:** As to ¶ 77 of the First Amended Complaint, Defendant denies the allegations contained therein.

78. Plaintiff states that the action of the Defendant, in using their state authority to deny Plaintiff her constitutional right to a property interest, is clearly a violation of 42 U.S.C. § 1983.

**ANSWER:** As to ¶ 78 of the First Amended Complaint, Defendant denies the allegations contained therein.

79. Plaintiff states that the actions of the supervisors were clearly supported by management

**ANSWER:** As to ¶ 79 of the First Amended Complaint, Defendant denies the allegations contained therein.

80. Management condoned the acts of the supervisors and further refused to correct the situation.

**ANSWER:** As to ¶ 80 of the First Amended Complaint, Defendant denies the allegations contained therein.

81. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 81 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

<u>**SIXTH CAUSE OF ACTION**</u>
**(Age Discrimination Under R.C. 4112)**

82. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

83. Plaintiff states that that action of the Defendant, in denying Plaintiff her rightful position because of her age, is a clear violation of 4112 Ohio Revised Code.

**ANSWER:** As to ¶ 83 of the First Amended Complaint, Defendant denies the allegations contained therein.

84. Plaintiff states that her age was a determining factor in the manner by which she was treated.

**ANSWER:** As to ¶ 84 of the First Amended Complaint, Defendant denies the allegations contained therein.

85. **WHEREFORE**, Plaintiff demands for age discrimination, in violation of state law, compensatory damages of $250,000.00, attorney fees, costs and any other relief this Court deems as fair and equitable including injunctive relief and reinstatement.

**ANSWER:** As to ¶ 85 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## SEVENTH CAUSE OF ACTION
**(Gender Discrimination Under R.C. 4112)**

86. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

87. Plaintiff states the action of the Defendant, in taking punitive action against Plaintiff because of her sexual orientation, is clearly a violation of 4112 Ohio Revised Code.

**ANSWER:** As to ¶ 87 of the First Amended Complaint, Defendant denies the allegations contained therein.

88. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay, attorney fees and costs in the amount of $200,000.00, injunctive relief and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 88 of the First Amended Complaint, Defendant denies the allegations, and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

## EIGHTH CAUSE OF ACTION
### (Hostile Work Environment Under R.C. 4112)

89. Plaintiff reincorporates all of the above, the causes of action, and the Exhibits, as if fully rewritten herein.

**ANSWER:** Defendant incorporates its responses from the preceding Paragraphs, as if fully rewritten herein.

90. Plaintiff states the action of the Defendant, in denying Plaintiff her position, setting a hostile work environment and denying Plaintiff a promotion, is clearly a hostile work environment.

**ANSWER:** As to ¶ 90 of the First Amended Complaint, Defendant denies the allegations contained therein.

91. **WHEREFORE**, Plaintiff demands compensatory damages, pain, suffering, anguish and humiliation, backpay in the amount of $250,000.00, attorney fees, costs, injunctive relief and any other relief this Court deems as fair and equitable.

**ANSWER:** As to ¶ 91 of the First Amended Complaint, Defendant denies the allegations,

and specifically denies that Plaintiff is entitled to any of the relief sought or to any relief whatsoever.

92. Defendant denies each and every allegation not specifically admitted in this Answer.

93. Defendant hereby asserts the following defenses, which may include one or more affirmative defenses.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The First Amended Complaint fails in whole or in part to state a claim upon which relief may be granted.

2.    The applicable statute of limitations may bar some or all of the claims in Plaintiff's First Amended Complaint.

3.    This Court lacks subject matter jurisdiction over all or some of Plaintiff's claims.

4.    Subject to a reasonable opportunity to conduct discovery, Plaintiff has failed to timely and/or properly exhaust her administrative remedies and/or failed to comply with those administrative prerequisites necessary to bring suit under Title VII, 42 U.S.C. § 2000(e), *et seq*.

5.    Defendant did not treat Plaintiff differently as compared with similarly-situated employees, if any.

6.    Plaintiff's claims against Defendant are barred in whole or in part by sovereign immunity and/or Eleventh Amendment immunity.

7.    Subject to a reasonable opportunity to conduct discovery, Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, accord and satisfaction, waiver, and/or laches.

8. To the extent Plaintiff incurred any damages, such damages were the proximate result of her own conduct.

9. Plaintiff's damages, if any, are barred by her failure to mitigate.

10. Subject to a reasonable opportunity to conduct discovery, some or all of Plaintiff's claims and/or damages may be barred by the doctrine of after-acquired evidence.

11. Defendant did not discriminate or engage in any unlawful conduct against Plaintiff at any time, and all of Defendant's actions were reasonable, made in good faith, and based solely on legitimate, non-discriminatory, non-pretextual reasons.

12. Defendant fully complied with the provisions and requirements of any applicable laws, including Title VII, 42 U.S.C. § 2000(e), *et seq*.

13. Plaintiff has no right to damages because Defendant would have made the same decisions and taken the same action absent any allegedly unlawful motivation.

14. Plaintiff unreasonably failed to utilize any preventive or corrective opportunities provided by Defendant or to avoid harm and Defendant exercised reasonable care to prevent any alleged harassment.

15. Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory acts or behavior on the part of Defendant's employees.

16. Defendant expressly reserves the right to supplement this Answer and defenses raised herein as discovery proceeds.

WHEREFORE, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed with prejudice at Plaintiff's costs, and that the Court award Defendant reasonable attorney's fees and such other relief to which it is entitled.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General
DEVON J. ALEXANDER (0098814)
Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 – Telephone
(614) 752-4677 – Facsimile
ELSReview@ohioAGO.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant Ohio Department of Youth Services' Answer to Plaintiff Marlean Ames's First Amended Complaint* was filed electronically on June 4, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General

27