IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLEAN A. AMES,** | : | CASE NO. 2:20-cv-05935 |
| Plaintiff, | : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : | |
| **STATE OF OHIO DEPARTMENT OF YOUTH SERVICES,** | : | CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT OHIO DEPARTMENT OF YOUTH SERVICES' SECOND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Now comes Plaintiff Marlean Ames, by and through the undersigned counsel, and submits the following as her response in opposition to the Second Motion for Partial Judgment on the Pleadings filed by Defendant Ohio Department of Youth Services. (Doc.# 31, PageID#237-247)

**I.   Plaintiff's Fourth Cause of Action for violation of the Age Discrimination in Employment Act.**

Defendant moves for partial judgment on the pleadings with regard to Plaintiff's claim for violation of the Age Discrimination in Employment Act because, it claims, "Congress has not validly abrogated state immunity under the ADEA." (Dkt. No. 31, Page ID# 239)  Defendant bases this assertion upon the United States Supreme Court's decision in *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67, 120 S. Ct. 631, 637, 145 L. Ed. 2d 522 (2000), where the Supreme Court held "We conclude that the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, but that the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment."

1

While Plaintiff and her counsel may disagree with the Supreme Court on this issue, since the Court's holding undermines Congress's authority in this area, making the ADEA unenforceable against State governments, and only State governments, Plaintiff cannot ask the Court to ignore mandatory caselaw from the Supreme Court. For this reason, Plaintiff admits that Defendant is correct with regard to her ADEA claim.

II. **Plaintiff's Sixth, Seventh, and Eighth Causes of action for violation of Ohio Revised Code Section 4112.02, et seq.**

Defendant next argues that Plaintiff's 6th, 7th, and 8th causes of action, all of which allege different violations of Ohio Revised Code Section 4112.02, et seq., cannot be pursued in this Court. Plaintiff's claims are pleaded against the Department of Youth Services, rather than against any individual defendant, and thus, Defendant argues, must be pursued before the Ohio Court of Claims, pursuant to Ohio Revised Code § 2743.02, et seq. Defendant bases this assertion on this Court's decision in *Robertson v. Rosol*, No. 2:06CV1087, 2007 WL 2123764, at *4 (S.D. Ohio July 20, 2007). While this decision is certainly persuasive authority, it is not mandatory.

Since encountering this argument in response to its last Motion for Declaratory Judgment, Defendant has added a citation to *McCormick v. Miami University*, 693 F.3d 654, 664 (6th Cir. 2012), wherein the Sixth Circuit held that Ohio had not waived its immunity under the Eleventh Amendment so as to allow claims made against the State under state law to proceed in federal courts. The Circuit Court held that, because the Ohio Court of Claims had not determined that the individual defendants were not entitled to immunity, claims against those defendants could not proceed. This, of course, is mandatory authority, and Plaintiff will not ask the Court to act contrary to it. However, the McCormick case also implies not that the instant case should be dismissed, but that it should be transferred to the Ohio Court of Claims to determine whether immunity applies.

2

However, consideration of the text of R.C. 4112.02 and R.C. 2743.02 demonstrates that claims brought against the State of Ohio under R.C. 4112.01 et seq. are not confined to the Court of Claims. R.C. 2743.03(A) states that "The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims." R.C. 2743.02 does not mention discrimination claims made under R.C. 4112.01 et seq. as part of those claims for which immunity is waived. Rather, the State of Ohio's immunity is waived with regard to these claims by reading R.C. 4112.01(A)(2) along with R.C. 4112.02. R.C. 4112.01(A)(2) states that "'Employer' includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." R.C. 4112.02 describes what practices by employers constitute "unlawful discriminatory practices". Read together, these two statutes make it possible for employees to sue the State of Ohio for engaging in unlawful discriminatory practices. Nothing in these statutes or the statutes creating the Ohio Court of Claims says that such causes of action must be brought in the Court of Claims.

At the very least, nothing in these statutes requires that Plaintiff's claims be dismissed. At most, the Court should decline to exercise pendent jurisdiction over these claims, so that they may be revived in the appropriate court, whether that be the Ohio Court of Claims, or some other court. For this reason, Plaintiff urges the Court to deny this portion of Defendant's motion for judgment on the pleadings.

**III.     Plaintiff's Fifth Cause of Action for violation of Plaintiff's due process rights.**

Defendant presents two arguments with regard to this cause of action.  First, Defendant argues that a claim made under 42 U.S. C. Section 1983 must be pleaded against an individual, rather than a State.  Second, Defendant relies on extrinsic evidence to argue that Plaintiff did not have a property interest in her employment.

Defendant correctly cites *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989), for the proposition that "neither a State nor its officials acting in their official capacities are "persons" under § 1983."  However, this is an issue of pleading.  The individuals responsible for Plaintiff's injuries, acting outside of their official capacities, while still acting under color of Ohio law, can be held liable for their denial of Plaintiff's constitutional rights.  See *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991).  ("Thus, '[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'"), quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

Since this issue can be solved by allowing Plaintiff to replead this cause of action to name her supervisors and the other individual tortfeasors in their personal capacities, Plaintiff should be given the opportunity to do so.  For this reason, this portion of Defendant's motion for judgment on the pleadings should be denied.

Defendant's second argument attempts to introduce extrinsic evidence into a motion for judgment on the pleadings, claiming that because the document relied upon is a public record it somehow supersedes the difference between a pleading motion under Fed.R.Civ.P. 12 and a motion for summary judgment under Fed.R. Civ.P. 56.  In making this argument, Defendant attempts to misapply the Sixth Circuit's holding in *Jackson v. City of Columbus*, 194 F.3d 737,

745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), in which the Court of Appeals held that "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies," in deciding motions to dismiss for failure to state a claim.

First, the document attached as Exhibit 1 to Defendant's motion is a part of Plaintiff's employment record, and is thus not a proper subject for judicial notice, which is generally restricted to matters of public knowledge. *Brown v. Piper*, 91 U.S. 37, 42, 23 L. Ed. 200 (1875). Defendant is attempting to use the document as an admission against Plaintiff's interest, not as a matter of public knowledge. For this reason, the general rule that "matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56" should apply. *Jackson*, supra, quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997). For this reason, also, this portion of Defendant's motion should be denied.

**IV.     Plaintiff's Third Cause of Action for retaliation under Title VII.**

The gist of Defendant's argument regarding this cause of action is that Plaintiff has failed to allege that she engaged in any activity protected by Title VII prior to the adverse employment action she suffered. This is incorrect. Plaintiff alleged quite clearly in her Amended Complaint, at Paragraph 69, that "the action of Defendants, in retaliating against Plaintiff for her refusal to retire and refusal to accept a lesser position because of her gender, age and sexual orientation, is a clear violation of Title VII of the Civil Rights Act of 1964, as amended." (Dkt.# 28, Page ID# 203) Plaintiff has alleged that she was subjected to discrimination based on her sex, which was her supervisor's, and others', attempts to convince her to retire, which she resisted. (Dkt.# 28, ¶ 68, Page ID# 203) See *Stanley v. ExpressJet Airlines, Inc.*, 808 F.App'x 351, 357 (6th Cir. 2020).

Plaintiff's resistance to this discriminatory conduct was the behavior protected by Title VII, in retaliation for which she was demoted from her position. (Dkt.# 1, Page ID# 5)

Thus, contrary to Defendant's attempt to conflate these separate occurrences into a single occurrence, Plaintiff has pleaded that she 1) engaged in an action protected by Title VII—refusing to retire—for which she was 2) subjected to retaliation—being demoted. Defendant's argument is baseless, and should be overruled.

This issue is directly addressed by Plaintiff's amended complaint, which pleads the protected activity in which Plaintiff engaged in even more particularity, making Defendant's motion even less applicable to the pleadings in this case. (Dkt# 28, ¶ 68, PageID# 203) The Amended Complaint states that "Plaintiff states she advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age and/or sexual orientation was discriminatory. Plaintiff was engaged in a protected activity." (*Id.*) This could not be a clearer allegation that Plaintiff engaged in a protected activity before she was demoted. Defendant's own motion admits that protected activity includes opposing a discriminatory activity or practice made unlawful by Title VII. (Dkt. 31, PageID # 242)

Defendant next argues that Plaintiff had to put Defendant on notice that her complaint concerned statutory rights. (Doc.#31, PageID 243) This allegation is very clear on this point. Plaintiff alleges that she "advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age and/or sexual orientation was discriminatory." (Dkt# 28, ¶ 68, PageID# 203) This is more than sufficient to support a finding that Defendant was aware that Plaintiff was invoking her statutory rights against discrimination on the basis of her sexuality, gender, and age.

This is not, as Defendant claims, a "conclusory allegation". (Doc.#31, PageID 243) The persistent and pervasive discrimination against Plaintiff based on her gender, sexual orientation and age is well documented in Plaintiff's Amended Complaint. (Doc.# 28, ¶¶ 22- 60, PageID#198-201) When the discriminatory conduct culminated in Plaintiff being asked to step down or retire, she advised her superiors that such behavior was discriminatory, and that she would not acquiesce to such pressure. As a result, she was demoted.

Plaintiff has made sufficient allegations to satisfy the pleading standard. For these reasons, Defendant's motion for partial judgment on the pleadings on this issue should be denied.

V.     **Plaintiff's Second Cause of Action (Title VII) and Eighth Cause of Action ( Chapter 4112) for Hostile Work Environment.**

Defendant claims that Plaintiff fails to assert claims for hostile work environment because, according to Defendant, Plaintiff did not plead sufficient harassment based on her sex. (Dkt# 31, PageID# 244) However, Plaintiff's Complaint repeatedly explains how she was treated differently because of her sexual orientation.

In Paragraph 90 of her Complaint, Plaintiff alleges that "the action of the Defendant, in denying Plaintiff her position, setting a hostile work environment and denying Plaintiff a promotion, is clearly a hostile work environment." (Dkt.# 28, PageID# 206) Plaintiff discussed these issues in greater detail in Paragraphs 29 through 53. (Dkt.# 28, PageID# 198-201) Plaintiff clearly pleaded that these instances of hostility were motivated by her sexual orientation.

Defendant's analysis of Plaintiff's claim for discrimination based on sexual orientation is flawed, in that, as a heterosexual person, Plaintiff's claim is akin to a claim of reverse race discrimination. Thus, in order to prove her claim, Plaintiff will have to demonstrate that ""the defendant is the unusual employer who discriminates against the majority." *Nelson v. Ball Corp.,* 656 F. App'x 131, 136 (6th Cir. 2016). This, however, is a problem of evidence, which is properly

addressed in a motion for summary judgment, not in a motion for judgment on the pleadings. As discussed above, Plaintiff has alleged sufficient facts to support this assertion. She alleged that her supervisors made it clear that they were "friend[s] and supporter[s] of the LGBTIQ community." (Doc.# 28, ¶ 24, PageID# 198) Persons who were not members of this community were, through exclusion, made to feel unwelcome. (Doc.# 28, ¶ 35-36, 54-55, PageID# 199, 201) These allegations apply to both Plaintiff's claim for hostile environment under Title VII (Doc.28, ¶64-66, PageID# 202) and her hostile environment claims made under Ohio law (Doc.28, ¶89-91, PageID# 206). For this reason, also, Defendant's motion for judgment on the pleadings should be denied in this respect.

## CONCLUSION

As discussed above, some of Defendant's arguments do have merit, while others do not. For these reasons, Plaintiff urges the Court to deny those portions of Defendant's motion for judgment on the pleadings as set forth above.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed on July 14, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)