IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLEAN A. AMES,** | : | |
| Plaintiff, | : | **CASE NO. 2:20-cv-05935** |
| v. | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STATE OF OHIO DEPARTMENT OF YOUTH SERVICES,** | : | **CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS** |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION**

Plaintiff Marlean Ames ("Ames") concedes that this Court lacks jurisdiction over Counts 4, 6, 7, and 8 (Doc. 36 at PageID 255-256). Furthermore, Ames concedes that Count 5 fails to state a claim for relief (*Id*. at PageID 257). For the remaining Counts (2 and 3), Ames's Response in Opposition ("Ames's Opposition") fails to overcome Defendant Department of Youth Services' (the "Department") well-supported grounds for dismissal. Notably, Ames's First Amended Complaint (Doc. 28) lacks any reference to a protected activity under Title VII. Thus, her retaliation claim fails. Further, Ames fails to plead sufficient facts that would, at minimum, allow this Court to infer that she was subjected to a hostile work environment based on her sex. Thus, the Department moves for judgment on the pleadings for Counts 2 through 8.

## II. LAW AND ARGUMENT

### A. Ames's Opposition fails to show that she properly pled a retaliation claim under Title VII.

Ames fails to overcome the Department's Motion for Partial Judgment on the Pleadings (the "Motion") (Doc. 31) regarding her retaliation claim. Ames's Opposition suggests that she engaged in protected activity under Title VII by "refusing to retire." (Doc. 36 at PageID 259). As explained in the Department's Motion, however, Title VII's retaliation provision protects complaints of alleged discrimination based on an employee's race, color, religion, sex, or national origin—*not age*. (Doc. 31 at PageID 242). The Department denies that it asked Ames to retire, but even if this Court accepts that allegation as true, her retaliation claim still fails as a matter of law. Asking an employee to retire is not unlawful under Title VII. Thus, any objection by Ames regarding this alleged conduct would not be considered protected activity under Title VII.

Ames suggests in her Opposition that the Department "attempt[ed] to convince her to retire" because of her sex. (Doc. 36 at PageID 258). It's hard to reconcile the connection between requesting retirement "based on sex," not age—especially considering Ames's First Amended Complaint lacks any fact suggesting that her sex was the reason the Department allegedly asked her to retire. But Ames is asking this Court to make that leap. Even if this Court accepts Ames's belief that the Department asked her to retire because of her sex, Ames's "refusal" is still not protected activity under Title VII. As explained in the Department's Motion, Ames's alleged opposition (refusing to retire or take a lesser position) is a vague charge of discrimination, and therefore not protected. (*See* Doc. 31 at PageID 243).

Importantly, too, Ames's Opposition confirms that her alleged protected activity took place at the same time—if not after—the alleged adverse employment action. Ames directs the

2

Court to ¶ 69 of her First Amended Complaint, which says, "Plaintiff states she advised her supervisors that demanding her to retire, or take a lesser position, because of her gender, age and/or sexual orientation was discriminatory." So according to Ames, the Department already made up its mind: Ames would either retire or face demotion.[1] Meaning, Ames's alleged opposition had no bearing on the adverse employment action. *McKinnon v. L-3 Communs. Corp.*, 814 F. App'x 35, 45 (6th Cir. 2020) (holding that if an employer proceeds "along lines previously contemplated," causation cannot be established; "employees who see the proverbial writing on the wall that they are about to be fired should not be able to use Title VII protections to insulate themselves from adverse employment actions that were previously contemplated.") Ames cannot use Title VII's prohibition against retaliation as a shield in this case. If so, then every employee who objected to an adverse employment action could stake a retaliation claim. Ames's First Amended Complaint lacks any reference to protected activity; she merely concludes that her demotion was because of her sex. This is not enough, and her claim fails.

   **B. Ames's Opposition fails to show that she properly pled a hostile work environment claim under Title VII.**

Ames fails to overcome the Department's Motion regarding her hostile work environment claim. She refers this Court to ¶ 90 of her First Amended Complaint, which says "Plaintiff states the action of the Defendant, in denying Plaintiff her position, setting a hostile work environment and denying Plaintiff a promotion, is clearly a hostile work environment." (Doc. 28 at PageID 206). This paragraph is conclusory and therefore, insufficient to overcome the Department's request for dismissal. *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.")

---

[1] The Department denies that Ames was forced to retire or face demotion, but this Court must accept all of Ames's allegations as true at this stage in litigation. Thus, the Department applies this standard in its analysis.

Ames also broadly refers this Court to ¶¶ 29-53 of her First Amended Complaint to support her conclusion above (Doc. 36 at PageID 260). But, she fails to point to specific *facts* that support her claim. Ames's Opposition suggests that because her supervisors were "friend[s] and supporter[s] of the LGBTIQ community," nonmembers (*i.e.*, heterosexual employees) were "made to feel unwelcome." (*Id*. at PageID 261). Supporting the LGBTIQ community doesn't inevitably suggest bias against heterosexuality—but that's what Ames proposes. Her First Amended Complaint lacks any fact suggesting that she was subjected to "severe or pervasive" harassment based on sex or sexual orientation. *Breeden v. Frank Brunckhorst Co.*, LLC, No. 2:19-cv-5515, 2020 U.S. Dist. LEXIS 115950, at *11 (S.D. Ohio July 1, 2020). At most, Ames's First Amended Complaint and Opposition suggest that she was treated differently because of her sexual orientation. (*See* Doc. 36 at PageID 260, "Plaintiff's Complaint repeatedly explains how she was *treated differently* because of her sexual orientation." (emphasis added). But disparate treatment is not the same as harassment. *Prado v. Mazeika*, No. 3:16-cv-320, 2019 U.S. Dist. LEXIS 47266, at *31 (S.D. Ohio Mar. 21, 2019). [2]

Courts have dismissed hostile work environment claims when the plaintiff alleged only a few instances of harassing or offensive behavior. *Woodson v. Holiday Inn Express,* No. 18-1468, 2018 U.S. App. LEXIS 28272, at *5-6 (6th Cir. Oct. 4, 2018) (affirming judgment on the pleadings for defendant because two alleged instances of racially harassing conduct was insufficient to state a claim for relief). *Fisher v. Fuyao Glass Am., Inc.,* No. 3:18-cv-405, 2020 U.S. Dist. LEXIS 1596, at *9 (S.D. Ohio Jan. 3, 2020) (affirming judgment on the pleadings for defendant because showing a picture of one's genitals—although offensive—was not severe

---

[2] Ames argues in her Opposition that "Defendant's analysis of Plaintiff's claim for discrimination based on sexual orientation is flawed…" (Doc. 36 at PageID 260). The Department did not analyze Ames's sex discrimination claim (Count 1) in its Motion. (*See generally*, Doc. 31). It's unclear to the Department why Ames addressed this in her Opposition or how it supports her hostile work environment claim.

enough to create an objectively intolerable working environment.) Ames's First Amended Complaint fails to reference even one instance of harassing or offensive behavior directed towards her because of her sex or sexual orientation. Thus, her claim should be dismissed.

### III. CONCLUSION

For these reasons, the Department requests that this Court grant it judgment on the pleadings on Counts 2 through 8 of Plaintiff's First Amended Complaint.

    Respectfully submitted,

    DAVID YOST (0056290)
    Ohio Attorney General

    ***/s/ Cathleen B. Slater***

    CATHLEEN B. SLATER (0066088)
    *Trial Counsel*
    Senior Assistant Attorney General
    DEVON J. ALEXANDER (0098814)
    Associate Assistant Attorney General
    Employment Law Section
    30 East Broad St., 16th Floor
    Columbus, Ohio 43215
    (614) 644-7257 – Telephone
    (614) 752-4677 – Facsimile
    ELSReview@OhioAGO.gov

    *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

This will certify that the foregoing *Defendant's Reply in Support of Its Motion for Partial Judgment on the Pleadings* was filed electronically on August 27, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Senior Assistant Attorney General