# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARLEAN A. AMES, ) | CASE NO. 2:20-cv-05935-ALM-EPD |
| ) | |
| Plaintiff, ) | CHIEF JUDGE ALGENON L. |
| ) | MARBLEY |
| v. ) | |
| ) | CHIEF MAGISTRATE JUDGE |
| STATE OF OHIO DEPARTMENT OF ) | ELIZABETH P. DEAVERS |
| YOUTH SERVICES, ) | |
| ) | **PLAINTIFF'S RESPONSE IN** |
| Defendant. ) | **OPPOSITION TO DEFENDANT** |
| ) | **OHIO DEPARTMENT OF YOUTH** |
| ) | **SERVICES' MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |

Now comes the Plaintiff, Marlean Ames, by and through the undersigned counsel, and hereby submits the following as her response in opposition to the Motion for Summary Judgment filed by Defendant Ohio Department of Youth Services. For the reasons stated in Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, Defendants are not entitled to judgment as a matter of law.

Respectfully submitted,

**EDWARD L. GILBERT CO., L.P.A.**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
3070 W. Market Street, Suite 100
Akron, Ohio 44333
(330) 376-8855
(330) 376-8857 FAX
egilbert@edwardlgilbert.com
*Attorney for Plaintiff*

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................. iii

Memorandum in Opposition ......................................................................................1

I. Statement of Facts ..................................................................................................1

II. The Summary Judgment Standard ........................................................................4

III. Argument ..............................................................................................................4

A. Plaintiff's claim for gender-based discrimination based upon her sexual preference ....5

B. Plaintiff's claim for discrimination based upon her gender .............................7

C. Pretext....................................................................................................................7

1. The Bureau Chief Position...................................................................................8

2. The decision to demote Ames from the PREA Administrator Position ..........9

Conclusion ................................................................................................................10

# **TABLE OF AUTHORITIES**

*60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) ..............................4

*Adickes v. S.H. Kress Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598 (1970) ..............................4

*Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1754, 207 L. Ed. 2d 218 (2020) .......5

*Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021)...................................6, 7

*Giron v. Tyco Elecs. Corp.*, 762 F. App'x 233, 237 (6th Cir. 2019)................................6, 7

*Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994)................8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct.

1817, 1824, 36 L. Ed. 2d 668 (1973) .................................................................................5

*Nelson v. Ball Corp.*, 656 F. App'x 131, 136 (6th Cir. 2016) .............................................5

*Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000) .......................................6

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143, 120 S. Ct.

2097, 2106, 147 L. Ed. 2d 105 (2000) ................................................................................9

*Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008)............................................8

*Thompson v. Bd. of Educ.*, No. 3:12-CV-287, 2013 WL 6001626, at *6

(S.D. Ohio Nov. 12, 2013).................................................................................................9

*Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007)..................................................7

*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir.2003) .........................8

*White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008) ..............................8

**MEMORANDUM IN OPPOSITION**

I.     Statement of Facts

The Statement of Facts included in the Defendant's Motion for Summary Judgment is largely correct. However, it emphasizes certain facts which are ultimately not important, while de-emphasizing others that are more important to the resolution of the motion at bar[1].

Plaintiff Marlean Ames began working for the Ohio Department of Youth Services in 2004 as an Executive Secretary in the Akron Parole Region. (Ames Dep., Doc. 62; PageID 1014) In 2005, Ames transferred to the Indian River facility, where she worked in the same capacity, as an Executive Secretary. (Ames Dep., Doc. 62; PageID 1029). Ames described her duties at both locations as performing secretarial duties. (Ames Dep., Doc. 62; PageID 1030). The Executive Secretary position is in the classified civil service. (Id.). She continued as an Executive Secretary until January 2009. (East Dec. ¶ 15, Ex. G; Ames Dep., Doc. 62; PageID 1050).

On January 4, 2009, Ames was appointed to the position of Administrative Assistant 3. (Ames Dep., Doc. 62; PageID 1031, 1042). This position had a working title of "Community Facility Liaison" and was in the unclassified civil service. (Ames Dep., Doc. 62; PageID 1031).

While Ms. Ames was working in this position, the name changed from Administrative Assistant 3 to Program Administrator 2, but, functionally, it was the same position. (Ames Dep., Doc. 62; PageID 1049). In this role, Ames assisted her supervisor to evaluate and monitor community facility programs, made on-site visits for code compliance, assisted community facilities in developing program direction, trainings and assistance with PREA standards

---

[1] Subject to the following: It was common knowledge that Alex Stojsavljevic campaigned to take Plaintiff's job (Ames Dep., Doc. 62; PageID 1117, 1132, 1133, 1151-1153 and 1156). Alex Stojsavljevic made such a request in the presence of Director Gies (Ames Dep., Doc. 62; PageID 1149, 1150). Further, Plaintiff objects and does not agree with the unsworn statements presented by Defendant's witnesses and requests that said statements be stricken.

compliance; and completed annual reports for community facilities. (Ames Dep., Doc. 62; PageID 1051)

In April, 2014, Ames was appointed to the unclassified position of Program Administrator 3 with a working title of PREA Administrator, in the Department's Office of Quality and Improvement ("Office of Quality"). (Ames Dep. Doc. 62; PageID 1053-1054). This position was also unclassified. (Ames Dep., Doc. 62; PageID 1055). In this role, Ames conducted inspections at the detention centers for compliance, taught training sessions for detention facility staff regarding the Prison Rape Elimination Act ("PREA"), and oversaw compliance of the community corrections facilities. (Ames Dep., Doc. 62; PageID 1051).

While working as the PREA Administrator in the Office of Quality, for a time, Ames was supervised by Wendy Faulker. (Ames Dep., Doc. 62; PageID 1071). Ames, believes that Faulkner is a "straight" female. (Ames Dep., Doc. 62; PageID 1072). Beginning in 2017, Ames was also supervised by Ginine Trim, who confirmed that she is gay. (Trim Dep., Doc. 64; PageID 1507).

Ames stated that she and Trim had a good working relationship. (Ames Dep., Doc. 62; PageID 1073). Trim stated that she was not aware of Ames's sexual orientation, stating that she "didn't have any reason to believe she was or she wasn't. It [sexual orientation] just never came up." (Trim Dep., Doc. 64; PageID 1511). Trim, in turn, reported to Assistant Director Julie Walburn. (Ames Dep., Doc. 62; PageID 1072; Trim Dep., Doc. 64; PageID 1516). Walburn characterized her relationship with Ames as "professional." (Walburn Dep., Doc. 60; PageID 617). Ames states that she has no personal knowledge of Walburn's sexual orientation other than Walburn's testimony [at her deposition] that she is straight. (Ames Dep., Doc. 62; PageID 1087). Walburn reported to Gies who was appointed by Governor DeWine as Director of the Department in 2019. (Gies Dep., Doc. 69; PageID 2080). Ames stated that she had no personal knowledge of

2

Gies's sexual orientation, but assumed he was "straight, cisgender." (Ames Dep., Doc. 62; PageID 1086).

Ames remained in the PREA Administrator position until, without any warning, she was given notice that her unclassified appointment was revoked. On May 10, 2019, Ames was informed in a meeting attended by Walburn and Robin Gee, Human Resources Administrator, that her unclassified status was revoked, and she was provided notice of her statutory right to "fallback" to her last classified position or an equivalent position. (Ames Dep., Doc. 62; PageID 1074, Gee Dec, ¶ 26;). According to Ames, Walburn explained that the Department was moving PREA "in a new direction." (Ames Dep., Doc. 62; PageID 1075). At the meeting, Ames was presented a document which gave her the right to accept or decline her fallback rights. (Gee Dec. ¶ 22). Ames was upset at the meeting and left abruptly, without electing her fallback rights. (Gee Dec. ¶ 31). After the meeting, Gee immediately sought out Ames, who was in Ginine Trim's office. Gee explained to Ames that it was her choice to sign the document, but, if she did not sign, then she would be waiving the right to exercise her fallback rights, which meant she would have no job with the state of Ohio. (Ames Dep., Doc. 62; PageID 1175; Gee Dec.¶ 33). On May 10, 2019, having no other choice if she wished to remain employed, Ames did agree to sign the document exercising her statutory fallback rights to her most recently classified position as Executive Secretary I, which position had been previously reclassified by the Ohio Department of Administrative Services to Administrative Professional 4.5 (Ames Dep., Doc. 62; PageID 1076-1077).

Currently, Ames is employed by the Department. She was recently promoted from her position as Administrative Professional 4 and appointed to the position of Human Services Program Administrator 2 ("HSPA2") with a working title of Facility Investigator, an unclassified position. She works out of Indian River Juvenile Correctional Facility. (Gee Dec. ¶ 14).

## II. The Summary Judgment Standard

Fed.R.Civ.P. 56(c) states the procedure for granting summary judgment and says in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598 (1970); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. See *60 Ivy Street Corp.*, 822 F.2d at 1435. Essentially factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. See id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. See *60 Ivy Street, 822 F.2d at 1435*. Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. *60 Ivy Street, 822 F.2d at 1436*.

## III. Argument

Defendant correctly identifies the fact that Plaintiff has successfully pleaded two causes of action against it: one for gender-based discrimination based on the fact that she is a woman, and another for gender-based discrimination based upon the fact that Plaintiff is heterosexual. Defendant also correctly identifies the fact that both of these claims can be applied to two different situations: first the failure to promote Plaintiff to the position of Bureau Chief, and second the

4

decision to remove Plaintiff from the position she held as Prison Rape Elimination Act Administrator. It is at this point that Defendant begins to confuse the issues.

As Defendant points out, Ms. Ames' evidence of discrimination is entirely circumstantial. Thus, the burden-shifting paradigm introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973), is appropriate.

### A. Plaintiff's claim for gender-based discrimination based upon her sexual preference.

Because this is the more complex of Plaintiff's claims, she will address it first. The Court is no doubt familiar with the caselaw that recognizes that a claim for gender-based discrimination may be based upon the claimant's sexual preference. See *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1754, 207 L. Ed. 2d 218 (2020). However, as Defendant notes, because Plaintiff is a member of the majority, not a minority, she has the added burden of demonstrating that Defendant is "the unusual employer who discriminates against the majority." *Nelson v. Ball Corp.*, 656 F. App'x 131, 136 (6th Cir. 2016). The circumstances of this case do just that.

If Ms. Ames had been overlooked for promotion in favor of another heterosexual person, or if she had been replaced by another heterosexual person, the Defendant might have an argument that promoting a homosexual person over Plaintiff was simply a coincidence. However, since it happened twice, it constitutes a pattern. This is the sort of "background circumstances sufficient to satisfy the first prong of the modified prima facie test." *Nelson v. Ball Corp.*, 656 F. App'x 131, 136 (6th Cir. 2016). Thus, summary judgment is not appropriate on this basis.

Next, Plaintiff is required to present evidence sufficient to support a finding in her favor with regard to the other three elements of a claim for gender-based discrimination: "(2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-

5

situated, non-protected employees." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021) Defendant does not dispute that Plaintiff suffered an adverse employment action. "For the purposes of Title VII, a failure to promote is an adverse employment action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000) "[T]ermination of [Plaintiff] is clearly an adverse employment action." *Giron v. Tyco Elecs. Corp.*, 762 F. App'x 233, 237 (6th Cir. 2019). Thus, this element is also satisfied.

Ames was also qualified for both the Bureau Chief position and the position she had held for years as the PREA Administrator. Defendant attempts to dance around this issue by arguing that Ms. Frierson, who was selected for the Bureau Chief position, was more qualified than Plaintiff, but that is not the issue. The question is not whether Plaintiff was the most qualified candidate, it is whether she was qualified for the position. The mere fact that Defendant's employees interviewed Ms. Ames for the Bureau Chief position is evidence that Ames was qualified for the position. In addition, the fact that Ames had held the PREA Administrator position for approximately five years is evidence that she was qualified for that position. Thus, the evidence is sufficient to fulfill the third element of the claim.

The fourth element of the claim, the fact that Plaintiff was replaced by someone outside of her protected class, is already established. Both Ms. Frierson, who was chosen for the Bureau Chief Position, and Mr. Stojsavljevic, who was chosen as the new PREA Administrator, are homosexual. (Frierson Dep., Doc. 63; PageID 1325; Gies Dep., Doc. 69; PageID 2157-2158). Ms. Ames is heterosexual. (Ames Dep., Doc. 62; PageID 1034). Thus, this element is also satisfied by the evidence.

The evidence satisfies all four elements of a prima facie case for gender-based discrimination based upon sexual orientation, even with the more difficult first element applicable

to a member of the majority group. Thus, Defendant is not entitled to summary judgment on this basis.

**B.     Plaintiff's claim for discrimination based upon her gender.**

This theory cannot be applied to the Bureau Chief position, since both Ms. Ames and Ms. Frierson are women. However, even Defendant admits that the evidence satisfies the elements of a prima facie case with regard to the PREA Administrator position. (Motion for Summary Judgment, Doc. 71, PageID 2390)

The relevant elements are listed as "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021).

First, Ms. Ames' status as a woman makes her a member of a protected class. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). As discussed above, the termination of her employment was an adverse employment action. *Giron v. Tyco Elecs. Corp.*, 762 F. App'x 233, 237 (6th Cir. 2019). As is also discussed above, the fact that Ms. Ames held the position as the PREA Administrator for approximately five years is evidence that she is qualified for the position. Lastly, she was replaced by a man. Rather than waste time attempting to dispute these conclusions, Defendant argues that Ms. Ames cannot prove that the stated reasons for the decision to remove her were merely a pretext for discrimination.

**C.     Pretext**

As Defendant notes, a plaintiff may demonstrate that a claimed reason for an adverse employment action is merely a pretext for discrimination by showing that "either (1) that the

7

proffered reasons had no basis in fact, (2) that the proffered reasons did not *actually* motivate [her] discharge, or (3) that they were *insufficient* to motivate discharge." *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (emphasis in original); quoting *Manzer v. Diamond Shamrock Chems. Co*., 29 F.3d 1078, 1084 (6th Cir.1994). "However, the plaintiff may also demonstrate pretext by offering evidence which challenges the reasonableness of the employer's decision "to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation.'" *White v. Baxter Healthcare Corp*., 533 F.3d 381, 393 (6th Cir. 2008); quoting *Wexler v. White's Fine Furniture, Inc*., 317 F.3d 564, 578 (6th Cir.2003) (en banc).

    **1. The Bureau Chief Position.**

Defendant's claimed justification for not offering Ms. Ames the Bureau Chief position is that Ms. Frierson was more qualified for the position than Ms. Ames. This argument is based almost entirely on the allegation that Ms. Frierson had experience managing other employees, while Ms. Ames did not. (Motion for Summary Judgment, Doc. 71, PageID 2385) This position ignores the fact that Ms. Ames had more experience than Ms. Frierson (fifteen years of working for the Department as opposed to thirteen years). (Motion for Summary Judgment, Doc. 71, PageID 2384) It also ignores the fact that Ms. Ames had experience working in several facilities around the State, whereas Ms. Frierson's experience mainly dealt with operating a particular facility, rather than operating a project between multiple facilities. (Motion for Summary Judgment, Doc. 71, PageID 2384; Frierson Dec. Id. East Dec. ¶10, Ex. C.) All of this made Ms. Ames more qualified for the position of Bureau Chief than Ms. Frierson, not less.

When combined with the evidence that the Department had a record of promoting homosexual persons, not heterosexual persons—see Frierson, Stojsavljevic, and Trim—there is

8

more than enough evidence to allow a jury to determine that the claimed legitimate business justification for selecting Frierson over Ames—the claim that Frierson was more qualified—is either not true, or did not actually motivate the decision. For this reason, Defendant is not entitled to summary judgment as to this issue, and its motion should be denied.

### 2. The decision to demote Ames from the PREA Administrator Position.

The Department's decision to remove Ms. Ames from the PREA Administrator position is even less defensible. Defendant claimed that it removed Ames from her position because the manner in which she had operated the PREA program did not fit with the Director's "vision for the Department". (Motion for Summary Judgment, Doc. 71, PageID 2390) This sort of vague assertion is precisely the sort of factually baseless justification that employers have been using for years to justify their own bigotry and discrimination. As the United States Supreme Court has held, in such a situation, a plaintiff may prove her claim "by showing that the employer's proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000).

An otherwise baseless claim that an employee "was not a good fit" is simply not credible, especially given the other evidence of discrimination—see the promotions of Frierson, Stojsavljevic, and Trim. Compare *Thompson v. Bd. of Educ.*, No. 3:12-CV-287, 2013 WL 6001626, at *6 (S.D. Ohio Nov. 12, 2013) (Defendant employer's claim that plaintiff "was not a good fit" for position was supported by evidence that plaintiff did not work well with others and did not respond well to being questioned by customers.) This is sufficient evidence to demonstrate that the Department's claimed legitimate business justification for removing and demoting Ames, and replacing her with a homosexual man, was simply a pretext for discrimination. For this reason, Defendant's motion for summary judgment should be denied.

## CONCLUSION

As discussed above, none of Defendant's arguments have merit, and Defendant is not entitled to summary judgment as to either of Plaintiff's claims for gender-based discrimination. For these reasons, Plaintiff urges the Court to deny Defendant's motion for summary judgment.

Respectfully submitted,

**EDWARD L. GILBERT CO., L.P.A.**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
3070 W. Market Street, Suite 100
Akron, Ohio 44333
(330) 376-8855
(330) 376-8857 FAX
egilbert@edwardlgilbert.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed on July 27, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)