IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARLEAN AMES,** | : | |
| Plaintiff, | : | CASE NO. 2:20-CV-05935 |
| v. | : | CHIEF JUDGE |
| | | ALGENON L. MARBLEY |
| **OHIO DEPARTMENT OF** | : | |
| **YOUTH SERVICES,** | | CHIEF MAGISTRATE JUDGE |
| | : | ELIZABETH PRESTON DEAVERS |
| Defendant. | | |

**DEFENDANT OHIO DEPARTMENT OF YOUTH SERVICES'
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.  Introduction**

Plaintiff Marlean Ames ("Ames") has not met her burden of producing any genuine dispute of material fact for trial on her reverse sexual orientation and gender discrimination claims. She is factually unable to support her conclusory allegations that the Defendant Ohio Department of Youth Services (the "Department") engaged in discriminatory behavior when it made decisions with regard to her employment. In making claims based on gender (female), and sexual orientation (heterosexual), Plaintiff attempts to comingle the standard for proving illegal discrimination based on her being in a "protected class." However, if Ames is attempting to claim that the Department discriminated against her because she is heterosexual, then she must prove that the Department is the unusual employer that discriminates against the majority—which she has not done. And she fails to provide evidence that the successful candidate who received the promotion was similarly situated. As such, Ames has not proved a prima facie case of reverse discrimination. Even if this Court finds that Ames can establish a prima facie case for reverse discrimination, Ames fails to show that the Department's reasons for revoking Ames's unclassified status or promoting Frierson

are pretextual.

Further, if Ames is attempting to claim that the Department discriminated against her because she is female, she must provide evidence that the Department's decision to remove her from her PREA Administrator role was merely pretext for gender discrimination against a female employee—which again, she has not done.

## II. Law and Argument

### a. Ames fails to meet her evidentiary burden to overcome the Department's Motion.

To overcome a motion for summary judgment, Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (requiring "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'"). However, the "mere existence of a scintilla of evidence" should not preclude summary judgment, and summary judgment is appropriate where the evidence is such that no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Indeed, courts have held that the "absence of additional evidence to support a party's position beyond his own self-serving testimony is insufficient to overcome a motion for summary judgment." *Britenriker v. Mock*, No. 3:08-CV-1890, 2009 U.S. Dist. LEXIS 66478, at *13 n.1 (N.D. Ohio July 31, 2009); see also *Brooks v. Am. Broad. Cos., Inc.*, 999 F.2d 167, 172 (6th Cir. 1993) (noting that, in summary judgment analysis, a district court is "not

2

required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question"). Importantly, the nonmoving party has a duty to point out specific facts in the record that create a genuine dispute of material fact. The trial court does not have a duty to search the record "to establish that it is bereft of a genuine issue of material fact." *J.C. Bradford & Co.*, 886 F.2d at 1479-80.

In Plaintiff's Memorandum in Opposition, she writes, "The statement of facts included in the Defendant's Motion for Summary Judgement is largely correct." (Doc. 73, PageID 2488). The only exceptions to the agreed upon facts as laid out in Defendant's motion are footnoted as comments made by Stojsavljevic. Plaintiff characterizes these comments as Stojsavljevic "campaigning for Plaintiff's job." Considering the facts in a light most favorable to the non-moving party, it remains that Stojsavljevic was Ames's co-worker, not a supervisor or decision-maker with regard to Ames's employment. It is undisputed that he did not make comments to or about Ames with regard to her status as a female or as a majority "straight" or heterosexual individual. A co-worker expressing that he or she aspires to another person's position in no way demonstrates employment discrimination or discriminatory animus by the Department.[1]

Plaintiff provides no basis for her request that the factual declarations in the Motion for Summary Judgment be stricken. Federal Rule of Civil Procedure 56(c)(4) requires that a party asserting a fact must support the assertion by affidavits or declarations. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." All declarations used in support of Defendant's Motion comply with Civ. R.

---

[1] While Plaintiff characterizes comments by Stojsavljevic as "campaigning for her job," it is undisputed that the decisionmakers with regard to Plaintiff's employment were unaware of these comments and there is no evidence that they were aware of them prior to offering him the position. (Stojsavlievic Dep., Doc. 61, PageID 757-758).

3

56(c)(4).

      **b.    Plaintiff fails to meet the heightened standard required for her reverse discrimination claim.**

In her Response in Opposition to Defendant's Motion for Summary Judgement (Doc. 72), Plaintiff concedes that her reverse discrimination claim requires her to show that Defendant is the unusual employer who discriminates against the majority and cites *Nelson v. Ball Corp.*, 656 Fed. Appx. 131, 2016 U.S. App. LEXIS 14257, 2016 FED App. 0442N (6th Cir.) in support. A circumstantial reverse discrimination case follows a modified version of the *McDonnell Douglass* framework as identified in Defendant's Motion for Summary Judgment. (Doc. 71, PageID 2383). Plaintiff in the present case, like in *Nelson*, is unable to and does not point to any of the background circumstances as articulated by *Nelson* and other relevant case law. These cases provide numerous examples of what would constitute background circumstances sufficient to satisfy the first prong of the modified prima facie test and none are shown by Plaintiff. Background circumstances include statistical data (*Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003)), an organizational preference for establishing a diverse group of employees (*Sampson v. Sec'y of Transp.*, No. 98-5669, 1999 U.S. App. LEXIS 14142, 1999 WL 455399, at *1 (6th Cir. June 23, 1999) (unpublished)), or a manager of the same protected class making employment decisions favoring those of their protected class. (See *Morris*, 320 F. App'x at 339-40.) *Nelson* at 136, 137. See also *Gregory v. Louisville/Jefferson Cty. Metro Govt.*, W.D.Ky. Civil Action No. 3:21-cv-577-CHB, 2021 U.S. Dist. LEXIS 247340, at *11-12 (Dec. 29, 2021).

Plaintiff has provided no statistical data regarding the makeup of homosexual versus heterosexual employees at the Department. She has pointed to no facts demonstrating an organizational preference or policies designed to establish a diverse group of employees with regard to sexual orientation, and Plaintiff agrees with the factual record that the decision-makers

4

in her employment actions were heterosexual. In fact, the evidence shows that the decision makers, Gies and Walburn, were unaware of the employees' sexual orientation. (Walburn Dep., Doc. 60; PageID 668; Gies Dep., Doc. 69; PageID 2157).

Plaintiff claims that because "it" happened twice (presumably referring to the Department filling Ames's PREA role with a homosexual male and later promoting a homosexual female to the Bureau Chief position to which she applied), she has satisfied the more stringent requirement of proving background circumstances. Yet, Plaintiff points to no facts in the record other than her own conclusions that she was removed from her position so that Stojsavljevic could be promoted on the basis that he is homosexual. (Ames Dep., Doc. 62; PageID 1150) *Britenriker v. Mock*, No. 3:08-CV-1890, 2009 U.S. Dist. LEXIS 66478, at \*13 n.1 (N.D. Ohio July 31, 2009); see also *Brooks v. Am. Broad. Cos., Inc.*, 999 F.2d 167, 172 (6th Cir. 1993) (noting that, in summary judgment analysis, a district court is "not required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question"). Likewise, Plaintiff provides no evidence that the Department did not initially fill the Bureau Chief position only so it could later move Frierson into that role on the basis that she is homosexual. (Ames Dep., Doc. 62; PageID 1150). Plaintiff has provided no evidence to prove or even suggest that those decisions were based on an illegal intent or policy to promote homosexual employees.

Additionally, Plaintiff's reliance on *Nelson* is misplaced and actually supports granting summary judgment for the Department. In *Nelson*, the defendant was granted summary judgment because plaintiff failed to meet his prima facie burden of establishing a claim of reverse discrimination when he was unable to meet the first prong's heightened standard of background circumstances that comes when attempting to show that he was intentionally discriminated against despite his majority status. As previously discussed herein, the *Nelson Court* provided examples

5

of what would constitute background circumstances to satisfy the first prong. 656 F.App'x at 136 (6th Cir.2016). Ames fails to provide evidence of such background circumstances as described in *Nelson.* Similar to Ames, the plaintiff in *Nelson* only pointed to the fact that he (a Caucasian man) was terminated while an African American man was not. In *Nelson*, the employees involved in the decision to terminate were also Caucasian. It is undisputed that the decision-makers (Gies and Walburn) with regard to Ames's employment are also heterosexual. Since Ames has not provided sufficient evidence of background circumstances to meet the first prong of the prima facie test, her claims fail as to reverse discrimination.

      **c.**      **Plaintiff confuses the issues by co-mingling her claims.**

The Department, in its Motion for Summary Judgment, concedes that, Plaintiff can satisfy the elements of a *prima facie* case of discrimination under the *McDonnell Douglas* burden shifting framework *only* as to gender discrimination in relation to the Department's revocation of her unclassified position because the Department filled her position with a male employee. However, as previously discussed herein, Defendant does *not* concede that Plaintiff has met her burden of establishing a prima facie case as to reverse sexual orientation discrimination (as to Plaintiff's claims based upon the revocation her unclassified position or as to the failure to promote her) because Plaintiff is unable to prove the background circumstances required in the first prong.

Additionally, Ames attempts to analyze her claims together and she rests on the fact that Frierson and Stojsavljevic are homosexual and therefore "outside of her protected class" (Doc 72, PageID 2493) to satisfy the fourth prong of her prima facie case in relation to her claims of sexual orientation discrimination. However, in relation to the failure to promote claim, Plaintiff was not replaced by Frierson. Therefore, Plaintiff cannot simply point to Frierson's homosexual status to satisfy the fourth prong in the failure to promote context. Ames must instead show that she and

Frierson are similarly situated. See *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 1985 U.S. App. LEXIS 22297, 38 (August 12, 1985).

The comparison between the qualifications of Ames and Frierson is not to dispute that Ames was qualified for either the PREA Administrator role or the Bureau Chief position. Rather, it is to show that in the failure to promote context, Frierson's experience and qualifications far exceeded those of Ames and therefore, Ames and Frierson were not similarly situated. See *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 241-242 (6th Cir.2005). As such, Plaintiff cannot meet the fourth prong of her sexual orientation discrimination prima facie case. The examination of Frierson's experience and qualifications also demonstrates the legitimate business reasons the Department had for later hiring Frierson for the Bureau Chief position.

      **d.**      **The Department's decisions were based on legitimate, nondiscriminatory business reasons and Ames cannot show that those reasons were pretextual.**

To rebut a prima facie case, the Department need only articulate a legitimate, nondiscriminatory business reason for its hiring decisions. *Bd. of Trustees v. Sweeney*, 439 U.S. 24, 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978) (with regard to an employer's burden in dispelling the adverse inference from an employee's prima facie case, the employer must merely articulate, rather than prove, some legitimate, nondiscriminatory reason for the decision). The employer's burden to do so "is light [and] it is 'satisfied if he simply 'explains what he has done' or '[produces] evidence of legitimate nondiscriminatory reasons.'" *Brown v. Ohio State Univ.*, 616 F.Supp.2d 740, 750 (S.D. Ohio 2009) (quoting Sweeney, 439 U.S. at 28, fn. 2); *Halfacre v. Home Depot, U.S.A., Inc.*, 221 F.App'x 424, 429 (6th Cir. 2007) (describing the employer's burden at this stage as "slight" and "merely one of production, not persuasion").

The Department has articulated its reasons both for removing Ames from her unclassified position and for the decision not to hire her for the Bureau Chief position. The burden rests with

Plaintiff to demonstrate that the proffered reasons have no basis in fact, did not actually motivate the Department, or were insufficient to motivate the Department. (*Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 526 (6th Cir. 2008) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)).). Plaintiff provides no such evidence. She rests on her subjective beliefs and instead directs the court to consider the reasonableness of the employer's decision, citing *Thompson v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 161175, *24, 2013 WL 6001626.

Plaintiff's reliance on *Thompson* is favorable to Defendant in the present case. In *Thompson* the employer was granted summary judgment where the employer "gave an honest explanation of its behavior." *Id. Hedrick*, 355 F.3d at 462. (quoting *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 973 (8th Cir. 1994)).*Thompson v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 161175, *24, 2013 WL 6001626. The Court in *Thompson* noted that the Court's inquiry is limited to that question alone (whether the employer gave an honest explanation for its behavior), and should not serve as "super personnel departments" second-guessing the decisions of management. *Hedrick*, 355 F.3d at 462. *Thompson* involved an employer's proffered legitimate, nondiscriminatory rationale which was that the plaintiff was simply not a good fit. Like the present case, the Department chose to remove Ames from the PREA role because of feedback that "she was difficult to work with, hard to communicate with, and dictated rather than help[ed] our partners in the county." (Gies Dep., Doc. 59; PageID 352). Likewise, it was the Department's prerogative to "move PREA in a different direction" and the Department was free to do that absent evidence that sexual orientation or gender was a consideration for its decision.

The Sixth Circuit has repeatedly recognized that courts afford great flexibility to employers when selecting personnel, specifically explaining, "[t]he law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather,

8

employers may not hire, fire, or promote for impermissible, discriminatory reasons." *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996). An employer's consideration of an applicant's interpersonal skills and teamwork are both legitimate. *See, e.g., Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1085 (6th Cir. 1994) (holding an employee's combative and obnoxious attitude was a legitimate, nondiscriminatory reason for an employer to terminate employment); *Gregory v. Chrysler Corp.*, No. 97-4442, 1999 U.S. App. LEXIS 8025, at *12 (6th Cir. Apr. 28, 1999) (finding a plaintiff's inability to work well with others to be a legitimate, nondiscriminatory reason for the defendant to take an adverse employment action). Accordingly, the determination that Plaintiff was simply "not a good fit" is honest, legitimate, and non-discriminatory. *Thompson v. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 161175, *24, 2013 WL 6001626.

Plaintiff addresses the differences in experience between herself and Frierson by pointing out a 2-year difference in longevity of Ames over Frierson, and the fact that Ames had worked in several facilities whereas Frierson's experience was mostly in one. These qualification differences are the only things that Plaintiff points to as evidence of pretext. However, a "plaintiff faces a heavy burden to establish pretext based on qualifications evidence." *Leisring v. Clerk of Hamilton Cnty. Mun. Court*, 6th Cir. No. 20-3395, 2020 U.S. App. LEXIS 40728, at *4-5 (Dec. 30, 2020) (internal citations omitted). To do so, Ames must establish that "either (1) the plaintiff was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former, or (2) [the] plaintiff was qualified…if not better qualified than the successful applicant, *and the record contains 'other probative evidence of discrimination.'*" *Harris v. City of Akron*, 6th Cir. No. 19-4101, 2020 U.S. App. LEXIS 39222, at *9 (Dec. 15, 2020) (emphasis added). Ames does not prove that she was plainly superior nor that she was better qualified. She certainly does not show that the record contains other probative evidence of

9

discrimination. She relies only on her subjective beliefs that she was discriminated against stating, "I believe I was demoted because they wanted to promote Alex, who was gay, and promote Frierson, who is in the LBGTI community." (Ames Dep., Doc. 62; PageID 1150). Ames has produced no probative evidence of discrimination and relies upon what she believes to be true.

### III. Conclusion

For the foregoing reasons, and those in the Department's Motion for Summary Judgment (Doc. 71), the Department respectfully requests that this Court grant it summary judgment as to the singular remaining count in Plaintiff's complaint.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Principal Assistant Attorney General
MEGAN E. JEWETT (0079534)
Senior Assistant Attorney General
Employment Law Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7257 - Telephone
(614) 752-4677 – Facsimile
elsreview@OhioAGO.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing, *Defendant Ohio Department of Youth Services' Reply in Support of its Motion for Summary Judgment*, was filed electronically on August 25, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Principal Assistant Attorney General