IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARLEAN AMES, | ) | CASE NO. 2:20-cv-05935-ALM-EPD |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | |
| | ) | CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| STATE OF OHIO DEPARTMENT OF YOUTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR FEES AND, IN THE ALTERNATIVE, MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFF'S MOTION FOR FEES**

Plaintiff Marlean Ames, by and through the undersigned counsel, respectfully submits that Defendant State of Ohio, Department of Youth Services' *Motion to Dismiss or Stay Consideration of Plaintiff's Motion for Fees and, in the Alternative, Motion to Extend the Deadline to Respond to Plaintiff's Motion for Fees* (Doc. #94) should be denied.

I.  **LAW**

Defendants seek dismissal of Plaintiff's request for attorney's fees associated with the underlying appeal to the United States Supreme Court and the United States Sixth Circuit Court of Appeals on the mistaken ground that Plaintiff is not a "prevailing party" within the context of

1

42 USC §1988 because Plaintiff has not yet secured a judgment. The definition of "prevailing party" is not so limited:

- §1988(b) allows for an award of attorney's fees to the "prevailing party:"

    **(b) Attorney's fees**

    In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C.A. §1988 (West).

- The House Report to §1988 states that "[t]he phrase 'prevailing party' is not intended to be limited to the victor only after entry of a final judgment following a full trial on the merits." H.R. Rep. No. 94–1558, p. 7 (1976).

- Similarly, the Senate Report explains:

    In appropriate circumstances, counsel fees under S. 2278 may be awarded *pendente lite*. **Such awards are especially appropriate where a party has prevailed on an important matter in the course of litigation**, even when he ultimately does not prevail on all issues. Moreover, for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief. S. Rep. No. 94–1011, p. 5 (1976), U.S.C.C.A.N. 5908, 5912 (citations omitted) (emphasis added).

- "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001).

- A party "prevails" if there is a judicially sanctioned change in the legal relationship between the parties. *Lackey v. Stinnie*, 145 S. Ct. 659 (2025).

II. <u>**APPLICATION OF LAW TO FACTS OF THIS CASE**</u>

- Following investigation of Plaintiff's charges of discrimination, the EEOC determined there was reasonable cause to believe that Defendant discriminated against Plaintiff on account of her sex (female and heterosexual).

- Plaintiff filed her Complaint for gender and sexual orientation discrimination.

- The district court granted Defendant summary judgment upon erroneously requiring Plaintiff to carry an additional burden and show "background circumstances that Defendant is that unusual employer who discriminates against the majority." The Sixth Circuit applied the same standard and affirmed.

- ***Plaintiff prevailed on appeal of a pivotal issue***. In a unanimous 9-0 decision, the United States Supreme Court held that majority-group plaintiffs are not required to meet a heightened evidentiary standard of showing "background circumstances." The "background circumstances" rule "cannot be squared with the text of Title VII or [the Court's] longstanding precedents." *Ames v. Ohio Dept. of Youth Services*, 145 S. Ct. 1540, 1546 (2025).

- It is beyond dispute that Plaintiff "prevailed on an important matter in the course of litigation." The decision was not even a close call. "Nothing [Defendant] has said in its brief or at oral argument persuades us otherwise." *Id.*

- While there remain issues to resolve on remand, the issue that was ***actually litigated*** before the United States Supreme Court was resolved in favor of the Plaintiff, rendering her the prevailing party entitled to attorney's fees.

3

- Any future adverse verdict will not disturb what was litigated before the United States Supreme Court: "Congress left no room for courts to impose special requirements on majority-group plaintiffs alone." *Id.*

- Further, *Ames v. Ohio Dept. of Youth Services* manifests a judicially sanctioned change in the legal relationship between the parties. The Plaintiff is to be treated no differently than a member of a minority group.

- Finally, the U.S. Supreme Court on June 5, 2025, made it absolutely clear that the Plaintiff is entitled to relief as the prevailing party by granting printing costs and general clerk's costs of $6,557.00. See Exhibit 1.

WHEREFORE, as the prevailing party on an important matter raised in litigation and as the decision changed the legal relationship between the parties, the Plaintiff respectfully submits that she is entitled to the attorney's fees associated with the appeal and that Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

/s/ 
EDWARD L. GILBERT (0014544)
EDWARD L. GILBERT CO., L.P.A.
3070 West Market Street, Suite 100
Akron, Ohio 44333
(330) 376-8855 Telephone
(330) 376-8857 Facsimile
egilbert@edwardlgilbert.com

*Counsel for Plaintiff Marlean Ames*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Plaintiff's Opposition to Defendant's Motion to Dismiss or Stay Consideration of Plaintiff's Motion for Fees and, in the Alternative, Motion to Extend the Deadline to Respond to Plaintiff's Motion for Fees* has been electronically filed with the Court this ___ day of July 2025. Parties may access this filing through the Court's filing system.

/s/ _____
EDWARD L. GILBERT (0014544)
EDWARD L. GILBERT CO., L.P.A.

*Counsel for Plaintiff Marlean Ames*

5