IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARLEAN AMES, | : | CASE NO. 2:20-cv-05935-ALM-EPD |
| Plaintiff, | : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : | |
| STATE OF OHIO DEPARTMENT OF YOUTH SERVICES, | : | CHIEF MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| Defendant. | : | |
| | : | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR FEES, OR IN THE ALTERNATIVE, TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFF'S MOTION FOR FEES**

## I.  INTRODUCTION

Ames's Opposition (Doc. #98) repeats arguments already rejected by the Supreme Court concerning the legislative history of 42 U.S.C. §1988 and mischaracterizes the holding of *Lackey v. Stinnie, 145* S. Ct. 659 (2025).

Ames's *Lackey* argument hinges on the premise that a party "prevails" if there is a judicially sanctioned change in the legal relationship between the parties, but this omits crucial language from the case. The full quote reads that "a plaintiff 'prevails' when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id*. at 669. A material alteration of the parties' relationship only occurs when judicial relief afforded to plaintiff modifies the defendant's behavior in some way. *Id.* at 668-69. Applied here, the 9-0 *Ames* decision will change the evidentiary standard the courts uses to analyze Ames's claim on remand, but it does not change Defendant's behavior. And even

applying a less stringent evidentiary standard, the District Court could again grant summary judgment to the Defendant.

The Supreme Court has explained that it has only awarded attorney's fees where a plaintiff has received a judgment on the merits or obtained a court-ordered consent decree. The Supreme Court's order for certain costs does not change that fact. Since the Court declined to rule on the merits of Ames's discrimination claims in its decision, Ames cannot claim status as a prevailing party at this stage in litigation.

II.  LAW AND ARGUMENT

    **A. Ames repeats arguments already rejected by the Supreme Court concerning the legislative history of 42 U.S.C. §1988 and mischaracterizes the holding of *Lackey v. Stinnie*.**

Ames first points to the legislative history of 42 U.S.C. §1988, quoting from two sources:

> 1. The House Report: "[t]he phrase 'prevailing party' is not intended to be limited to the victor only after entry of a final judgment following a full trial on the merits." H. R. Rep. No. 94-1558, p. 7 (1976).

> 2. The Senate Report: "In appropriate circumstances, counsel fees under S. 2278 may be awarded *pendente lite*. Such awards are especially appropriate where a party has prevailed on an important matter in the course of litigation. . . ." S. Rep. No. 94–111, p. 5 (1976), U.S.C.C.A.N. 5908, 5912.

However, the Supreme Court directly addressed these exact arguments. *See Lackey* at 670. While the Supreme Court has "recognized that "Congress contemplated the award of fees pendente lite in some cases," that does not extend to transient victories such as the award of a preliminary injunction (that became "permanent" via repeal of a statute). *Id*. The Court explains that the "decisions [recognizing the possibility of fees pendente lite] simply indicate that attorney's fees may be awarded when conclusive, enduring judicial relief is meted out on an incremental basis." *Id.* However, here there is no conclusive, enduring judicial relief. The Court in *Lackey* rejected a preliminary injunction as sufficient to make the plaintiffs a prevailing party. And the *Ames* 9-0

2

decision only changes the evidentiary standard applied to Ames at the prima facie analysis stage.

### B. Ames has not succeeded on any significant issue in litigation which achieves some of the benefits she sought in bringing the lawsuit.

"Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001).

*Hensley* presents a set of facts where a plaintiff prisoner alleged he had not received "minimally adequate treatment" and the district court after trial found "constitutional violations in five of six general areas." *Hensley*, 461 U.S. at 427. In other words, there plaintiff succeeded on the merits in all but one on his claims that he sought in the lawsuit he filed. Defendants tried to argue that they should not have to pay attorney's fees for any work performed concerning that one claim. However, the Court held "where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* at 440. Once more, a change in the evidentiary standard applied to Ames is not the relief she seeks in bringing suit (e.g. from her Complaint: "compensatory damages, pain, suffering, anguish and humiliation, backpay in the amount of $250,000.00" on the basis of age, gender and heterosexual discrimination) (First Amended Complaint, Doc. 28). And even with a change in the way the McDonnell-Douglas standard is applied to Ames, she may not receive any of the relief she seeks.

### C. Ames is not a prevailing party because there is no judicially sanctioned change in the legal relationship between the parties.

Ames is incorrect to assert that there is a judicially sanctioned change in the legal relationship between the parties. In paraphrasing a quote from *Lackey*, Ames omits crucial

language. The full quote reads "a plaintiff 'prevails' under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Lackey* at 669. A plaintiff "'prevails'" if he receives (1) "actual relief on the merits of his claim" in a manner that (2) **"materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."** *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). This is a "well established" test. *Lackey* at 675. The cases in which this was even an argument involve preliminary injunctions since preliminary injunctions do modify the defendant's behavior, but the Court rejected allowing attorney's fees for the plaintiffs in such cases due to the lack of enduring relief. *Lackey* at 664.

By contrast, a change in an evidentiary standard favorable to the Ames is not judicial relief that modifies the Defendant's behavior. Ames misconstrues the holding of *Lackey* and other precedent. Whether a judicially sanctioned change in the legal relationship between the parties occurs depends on whether relief afforded to a plaintiff modifies the defendant's behavior in some way. The courts are to treat Ames no differently than a member of a minority group, but the Supreme Court's decision in *Ames* does not require Defendant to treat Ames in any way. No judicial body has ordered the Defendant to take a particular action or to stop taking any action relative to Ames's claims pertaining to discrimination. Therefore, since the case was remanded, Ames's claims on the merits such as discrimination on the basis of heterosexuality have not been conclusively resolved.

### D. The Supreme Court granted certiorari to resolve a circuit split, not to resolve whether Ames suffered discrimination.

While it is true that the decision was not a close call, the Supreme Court granted certiorari to resolve a circuit split, not to resolve whether Ames suffered discrimination. The Court stated, "[t]he Sixth Circuit's decision reinforced a Circuit split as to whether majority-group plaintiffs are

4

subject to a different evidentiary burden than minority-group plaintiffs at *McDonnell Douglas*'s first step. We granted certiorari to resolve that split." *Ames v. Ohio Dept. of Youth Servs.*, 145 S. Ct. 1540, 1545 (2025). In fact, the Court specifically declined to resolve the discrimination claims on the merits. The Court stated that addressing those arguments "would require us to resolve issues that the Court of Appeals did not address in the first instance and that fall beyond the scope of the question presented." *Id.* at 1548. The District Court must now address the discrimination claims based on sexual orientation consistent with the Supreme Court's ruling. That decision will determine the prevailing party in this lawsuit, at which time attorney's fees may be requested.

Ames continues to use the language of "prevailed on an important matter in the course of litigation" from the Senate Report, but as discussed, *supra* at Section (II)(C), the Supreme Court has already interpreted this language many times over, finding that an "important matter" must be on the merits. It is true that any future adverse judicial decision or verdict in this lawsuit will not disturb what was litigated before the United States Supreme Court. But the Supreme Court's decision does not have final bearing on who becomes the prevailing party in this lawsuit. That determination hinges on whether a judicial order modifies the Defendant's behavior. And the Supreme Court's ruling only affects how the District Court (and other courts) will go about its analysis in applying *McDonnell Douglas*; nor does not include injunctive relief, for instance.

### E. The Supreme Court's order pursuant to Supreme Court Rule 43 does not make Ames a "prevailing party" under 42 U.S.C. § 1988.

Pursuant to Supreme Court Rule 43, the Supreme Court can order payment of clerk's fees and the cost of the index to the petitioner when there is a reversal or vacated decision. These are specifically allowed by Rule 43 if the Court specifies it in its judgment. Rule 43 also states that the petitioner cannot file a motion for costs and that these are the only costs that can be ordered. The rule states in pertinent part:

5

2. If the Court reverses or vacates a judgment, the respondent or appellee shall pay costs unless the Court otherwise orders.
3. The Clerk's fees and cost of printing are the only taxable items in this Court.
6. When costs are allowed in this Court, the Clerk will insert an itemization of the costs in the body of the mandate or judgment sent to the court below. The prevailing side may not submit a bill of costs.

"Prevailing side" in this sense is different from prevailing on the merits which entitles a party to make application for attorney's fees as a prevailing party under the governing statute of 42 U.S.C. § 1988.

### III. CONCLUSION

For the reasons, Defendant respectfully requests that this Court dismiss or stay consideration of Plaintiff's Motion for Fees. Alternatively, the Defendant respectfully requests an extension of the deadline for Defendant to file its Memorandum Contra to address the reasonableness of the work, fees, and costs presented in the Plaintiff's Motion for Fees until September 11, 2025. Defendant makes this request based on good cause and not for purposes of delay.

    Respectfully submitted,

    DAVID YOST (0056290)
    Ohio Attorney General

    *s/ Cathleen B. Slater*

    CATHLEEN B. SLATER (0066088)
    *Trial Counsel*
    Principal Assistant Attorney General
    30 East Broad St., 16th Floor
    Columbus, Ohio 43215
    (614) 644-7257 – Telephone
    (614) 752-4677 – Facsimile
    ELSReview@OhioAGO.gov

    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Reply in Support of Defendant's Motion to Dismiss or Stay Consideration of Plaintiff's Motion for Fees and, in the alternative, to Extend the Deadline to Respond to Plaintiff's Motion for Fees* was filed electronically on July 29, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Cathleen B. Slater*

CATHLEEN B. SLATER (0066088)
*Trial Counsel*
Principal Assistant Attorney General